[Filed May 7, 1888.]

## A. BUSH, RESPONDENT, *v.* A. GEISEY, APPELLANT.

APPEAL—TRANSCRIPT—WHEN FILED.—By section 541 of the Code, the appellant is required to file with the clerk of the appellate court the transcript of the cause by the second day of the next regular term of said court after the appeal is perfected..

APPEAL—WHEN PERFECTED.—When the notice of appeal was served on the third day of January, 1888, the undertaking filed on the twelfth day of said month of January, the adverse party had five days next after the filing of the undertaking in which to object to the sufficiency of the sureties in the undertaking. No such exceptions having been filed, the appeal is to be deemed perfected on the eighteenth day of said month of January.

APPEAL—TIME IN WHICH TO FILE TRANSCRIPT—HOW ENLARGED.—By subdivision 3, section 541, the court or judge thereof *may, upon notice to the respondent,* enlarge the time for filing the transcript.

ENLARGEMENT OF TIME TO FILE TRANSCRIPT—NOTICE OF MOTION.—By section 524 of the Code, when notice of a motion is necessary it must be served ten days before the time appointed for the hearing, unless the court or judge prescribe a shorter time by order indorsed on the notice.

NOTICE OF MOTION—WHEN NOT NECESSARY.—Notice of a motion is not necessary except when the Code requires it, or when directed by a court or judge in pursuance thereof.

CASE IN JUDGMENT.—Where the appellant on the second day of this term of court took an *ex parte* order without notice, enlarging the time to file transcript, subject to legal objections, the time for the filing of the transcript was not thereby enlarged.

SUPREME COURT PRACTICE—ORDER WITHOUT NOTICE.—Order to enlarge time for filing transcript, when taken *ex parte* and without notice, will be disregarded where the attention of the court is called to the matter and the appeal will be dismissed.

APPEAL from Marion County.

*J. A. Stratton,* and *George H. Burnett,* for Respondent.

*Ford & Kaiser,* for Appellant.

STRAHAN, J.—On the sixth day of March, 1888, and within the time allowed by law to file the transcript in this case, the appellant, by his counsel, without notice to the respondent, asked and obtained an *ex parte* order allowing the appellant ten days from that date in which to file the transcript in said cause, which order was made subject to legal objections.

1. The respondent now moves the court to vacate said order, and to strike said transcript from the files. This motion is made upon notice, and has been fully argued by counsel. A

brief reference to the provision of the Code will determine the question. By section 541 the appellant is required to file with the clerk of the appellate court the transcript of the cause by the second day of the next regular term of said court after the appeal is perfected. The notice of appeal was served on the third day of January, 1888; the undertaking was filed on the twelfth day of January, 1888. The appellant had ten days from the date of the service of the notice of appeal in which to file his undertaking, and the adverse party had five days thereafter within which to except to the sufficiency of the sureties in the undertaking. (Code, § 537, subd. 2.) Excluding the day on which the undertaking was filed, the time to except to the sufficiency of the sureties expired on the 18th of January, 1888. No such exceptions were filed, and the appeal is to be deemed perfected on that day. (Code, § 537, subd. 4.) It was therefore the appellant's duty to file his transcript by the second day of this term of court.

2. The question is therefore presented whether or not the time to file the transcript was extended by this order. Subdivision 3 of section 541 of the Code is as follows:—

"3. If the transcript is not filed with the appellate court within the time provided, the appeal is to be deemed abandoned and the effect thereof terminates; but the court or judge thereof *may, upon notice to the respondent,* and such terms as may be just, by order, enlarge the time for filing the same; but such order shall be made within the time allowed to file the transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

Section 524 of the Code provides: "When notice of a motion is necessary it shall be served ten days before the time appointed for the hearing; but the court or judge thereof may prescribe by order indorsed on the notice a shorter time. Notice of a motion is not necessary, except when this Code requires it, or when directed by a court or judge in pursuance thereof." By section 522 of the Code, every direction of a court or judge made or entered in writing, and not included in a judgment or decree, is an order, and an application for an order is a motion.

It is manifest from these provisions of the Code that this was a case where notice of a motion was necessary by the express requirement of the law, and it appearing that no notice whatever was given, the time for filing the transcript was not enlarged. The appellant took his order without such notice at his peril, and now that his right to proceed without notice is questioned, the court has no jurisdiction whatever in the matter.

The appellant should have seen to it that the necessary notice was given or waived, and papers filed before taking his order. A practice seems to have prevailed for a long time in this court to take such orders *ex parte* and without notice; but it is within the knowledge of the writer that whenever an appellant's right to do so has been questioned, and the matter brought to the attention of the court that notice had not been given, the appeal has been dismissed. I can find no reported case on the subject, but such has been the practice.

In accordance with this practice the motion will be treated as a motion to dismiss the appeal, and allowed.