[Filed February 4, 1889.]

# J. K. KELLEY, RESPONDENT, v. HORATIO N. PIKE, APPELLANT.

APPEAL — WHEN TRANSCRIPT MUST BE FILED — EXTENSION OF TIME FOR FILING. — In an appeal from a circuit court to the supreme court, the transcript of the cause must, by the second day of the next regular term of the supreme court after the appeal is perfected, be filed with the clerk thereof, in order to confer jurisdiction upon the latter court. The circuit court, or judge thereof, or the supreme court, may, upon notice to the respondent, and upon such terms as may be just, by order enlarge the time for filing the transcript; but such order can only be made within the time allowed to file the transcript, and cannot extend the time of filing beyond the term of the appellate court next following the appeal.

TRANSCRIPT — EFFECT OF NOT FILING IN THE TIME ALLOWED BY LAW. — Where P. perfected an appeal to the supreme court from a circuit court, but failed to file his transcript as provided by the code: held, that the court had no jurisdiction to grant an order allowing the transcript to be filed nunc pro tunc, whatever the reasons may have been occasioning the neglect.

MOTION for leave to file transcript upon an appeal from the Circuit Court for the county of Wasco.

G. G. Bingham and W. L. Bradshaw, for the motion.

No counsel appeared in opposition.

The COURT.—The appeal herein was taken prior to the commencement of the present term of this court, but the transcript was not filed by the second day thereof, as required by the code. The neglect was in consequence of the sickness and death of the appellant's attorney, who took the appeal. The appellant's counsel now move for an order allowing the transcript to be filed nunc pro tunc. The grounds upon which the motion is made are sufficient to excuse the neglect, and the court would very readily grant the motion if empowered to do so.

The appellant's counsel suggest that section 102 of the code, which provides that the court may allow an answer

or reply to be made or other act to be done after the time
limited by the code, or by an order enlarge such time,
authorizes the court to permit any act to be done after the
time has elapsed in which it is required to have been done.
· For the purposes of this case, we would be glad to adopt
the view suggested, but an appeal from the circuit court
to this court, under our system of practice, is a new pro-
ceeding, and the requisite steps must be taken to give
the appellate court jurisdiction, as may be seen by refer-
ence to other provisions of the code.   Section 541 pro-
vides that "upon the appeal being perfected, the appel-
lant must by the second day of the next regular term of
the appellate court thereafter file with the clerk of such
court the transcript of the cause, as provided in this sec-
tion, and thereafter the appellate court has jurisdiction of
the cause, and not otherwise."

Subdivision 3 of said section provides that "if the
transcript is not filed with the appellate court within the
time provided, the appeal is to be deemed abandoned,
and the effect thereof terminates; but the court or judge
thereof may, upon notice to the respondent, and such
terms as may be just, by order enlarge the time for filing
the same; but such order shall be made within the time
allowed to file the transcript, and shall not extend it be-
yond the term of the appellate court next following the
appeal."

In view of the latter provision, this court would hardly
undertake to hold that it had authority after the expira-
tion of the time there specified to enlarge the time for
filing the transcript.   A court cannot create jurisdiction
for itself; it must be conferred by law, and the mode
pointed out whereby it may be acquired must be sub-
stantially complied with, in order to obtain it.   We would
have as much right to enlarge the time for the service of
the notice of appeal as we would to enlarge the time for

filing the transcript after the time specified, in the code had expired. It would be extrajudicial in either case. A party desiring to have an adjudication of a circuit court reviewed in this court must by the second day of the next regular term thereafter file with the clerk of this court a transcript of the cause, otherwise his appeal will be deemed abandoned and the effect terminated. The court or judge thereof, however, may, upon notice to the respondent, and upon such terms as may be just, by order enlarge the time for filing the same, as before mentioned.

Under no other circumstances can the transcript be filed in this court so as to give it jurisdiction of the cause. And in our opinion such order should be obtained from the court, or judge thereof, in which the decision appealed from was rendered, although this court has held that it had authority to make such order, and will probably adhere to that ruling when a case is properly presented. It is important for the members of the bar to bear in mind that an order of that kind cannot be made except upon notice to the respondent.

The motion must be denied.