Decided April 15, 1895.

## WHALLEY *v.* GOULD.
### [40 Pac. 4.]

ENLARGING TIME FOR FILING TRANSCRIPT ON APPEAL—NOTICE—CODE, § 541, SUBDIVISION 3.— The requirement of subdivision 3 of section 541, Hill's Code, that notice must be given of a motion for an order extending the time for filing a transcript, is not limited to motions before the supreme court, but applies as well to motions before the circuit court; therefore, an order of the circuit court enlarging the time within which to file a transcript in the supreme court is entirely void, if made without notice to the respondent: *Bush* v. *Geisey,* 16 Or. 267; *Kelley* v. *Pike,* 17 Or. 330; *McCarty* v. *Wintler,* 17 Or. 391; *Nestucca Wagon Road Company* v. *Landingham,* 24 Or. 439, approved and followed.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

Action by Henry Whalley, administrator, against Frank P. Gould and his partners to recover damages for causing the death of plaintiff's intestate. From a judgment for plaintiff the defendants appealed. An order was taken in the circuit court, without notice, enlarging the time within which to file the transcript in the appellate court, and now the respondent moves to dismiss the appeal.                                    DISMISSED.

*Mr. Joseph B. Thompson* for the motion.

*Mr. Reuben S. Strahan,* contra.

PER CURIAM. The only question for consideration on this motion is whether an order of the circuit court

enlarging the time in which to file a transcript on appeal is valid, when made without notice to the respondent. Like orders of this court have been repeatedly held void and of no force or effect when called in question by a motion to dismiss the appeal. This doctrine was first established in *Bush* v. *Geisey,* 16 Or. 267 (19 Pac. 122). It is there held that notice is made necessary by the express requirement of subdivision 3 of section 541 of Hill's Code, and cannot be dispensed with, and this ruling has been adhered to in all subsequent cases in which the question arose: *Kelley* v. *Pike,* 17 Or. 330 (20 Pac. 685); *McCarty* v. *Wintler,* 17 Or. 391 (21 Pac. 195); *Nestucca Road Company* v. *Landingham,* 24 Or. 439 (33 Pac. 983). In *Kelley* v. *Pike,* after stating that the appellant is required to file his transcript with the clerk of this court by the second day of the next regular term after the appeal is perfected, and that a failure to do so will operate as an abandonment of the appeal, unless the court or judge thereof, upon notice to the respondent, by order enlarge the time for filing the same, the court says: "Under no other circumstances can the transcript be filed in this court so as to give it jurisdiction of the cause. And in our opinion such order should be obtained from the court, or judge thereof, in which the decision appealed from was rendered, although this court has held that it had authority to make such an order, and will probably adhere to that ruling when a case is properly presented. It is important for members of the bar to bear in mind that an order of that kind cannot be made except upon notice to the respondent." Notwithstanding that the language of the court in *Kelley* v. *Pike* was evidently intended to apply to an order enlarging the time in which to file a transcript, whether made by this or the circuit court, and was designed to emphasize the importance of the ruling in *Bush* v. *Geisey,* by warning counsel of the consequences of a failure to give notice to the re-

spondent of the intended motion for such order, it is now contended that the statute requiring notice applies only to motions addressed to this court, and not to the court from which the appeal is taken. We think it exceedingly doubtful whether, under a proper construction of the statute, this court has any authority whatever to enlarge the time for filing a transcript on appeal. It is expressly provided that the appellate court has jurisdiction when the transcript is filed, and not otherwise, and it is not apparent how it can be said that it has authority to make an order enlarging the time in which to file the transcript in a cause over which the statute expressly provides that it has not jurisdiction until such transcript is filed. Nevertheless the practice has been to entertain such motions, and we do not desire to be understood as intimating that it will not be adhered to, and these suggestions are only prompted by the argument that the statute requiring notice of motion for an order enlarging the time in which to file a transcript applies only to this court.

In our opinion the statute was probably intended to apply to the circuit court alone, but, however that may be, we can find no room in its language for the distinction sought to be made by counsel. It says the court or judge thereof may, "upon notice to the respondent," by order enlarge the time for filing a transcript, and if, as held in *Bush* v. *Geisey,* the notice is a prerequisite to the exercise of this authority, it is certainly immaterial in which court the proceedings are had. The authority to enlarge the time is to be found in the statute, and it is only by compliance with its terms that the order can be made. Without the statute neither this court nor the circuit court has power to enlarge the time for filing a transcript, and by its express terms this power cannot be exercised except upon notice to the respondent. And indeed this is a wholesome requirement, for otherwise an

appellant might, by means of *ex parte* orders, so delay the hearing of an appeal as to injuriously affect the respondent's rights.   If the time fixed by statute for filing a transcript is to be extended, it is right and proper that the respondent should be notified of the application for such extension, and given an opportunity to be heard upon the matter.   It follows, therefore, that however reluctant the court may be to dismiss an appeal it has no alternative in this case and the motion must be allowed.

Dismissed.