Decided April 15, 1895.

## SHEPPERD *v.* LATOURELL.

PRACTICE IN FILING TRANSCRIPT—NOTICE—CODE, §§ 102, 541, SUBDIVISION 3.
—An order of the circuit court extending the time for filing in the supreme court the transcript on appeal is entirely void, if made without notice to the adverse party. The procedure in such cases is regulated by section 541, subdivision 3, and not by section 102, Hill's Code: *Whalley* v. *Gould,* 27 Or. 74, approved and followed.

APPEAL from Multnomah: M. G. MUNLY, Judge.

This is a suit by George Shepperd against Joseph and Henry Latourell to set aside a conveyance by Joseph Latourell to his brother Henry of certain property adjacent to the celebrated Latourell Falls, as having been made to prevent the plaintiff from collecting a certain judgment which he had recovered against Joseph Latourell. There was a decree for plaintiff and Henry Latourell appealed. On the first day of the October term, eighteen hundred and ninety-four, the appellant, entirely without the knowledge or consent of respondent, took an order in the Circuit Court of Multnomah County extending the time within which to file the transcript in the appellate court. The appeal having been perfected, respondent moved to dismiss because the order was made without notice to him or to his attorneys.

DISMISSED.

*Messrs. George W. Hazen* and *Robert G. Morrow,* in support of the motion, cited the following authorities: Hill's Code, §§ 524, 541; *Bush* v. *Geisey,* 16 Or. 267; *Kelley* v. *Pike,* 17 Or. 330; *Nestucca Wagon Road Company* v. *Landingham,* 24 Or. 439.

*Mr. John D. Mann, contra,* relied on section 102, Hill's Code, as giving the right to enlarge the time for filing the transcript.

27 OR.—18.

PER CURIAM. The facts in this case are identical with those in *Whalley* v. *Gould,* just decided,' 27 Or. 74, and it follows from the views there expressed that the appeal must be dismissed and it is so ordered.

DISMISSED:

Decided April 22, 1895; rehearing denied.

## STATE v. HOWE.

1. FORMER JEOPARDY — LARCENY OF PUBLIC MONEY — CODE, § 1772.— Section 1772 of Hill's Code specifies three acts, the commission of any one of which will constitute the crime defined, viz., (1) conversion; (2) loaning; (3) refusing to pay over; and for a prosecution on any one of these to be a bar to a prosecution for committing one of the other acts, it must appear that both charges are for the same act, or that the defendant could not possibly have been guilty of the second charge if he was innocent of the first one. Thus, where a county treasurer was indicted for larceny by conversion of public funds on a specified date, the record of his acquittal is not *prima facie* a bar to prosecution for failure to turn over the county funds to his successor in office a year later, for the acts of converting and failing to turn over constitute separate offenses: *State* v. *Stewart,* 11 Or. 52, cited and approved. ·

2. PLEADING FORMER ACQUITTAL — REPLY.— Criminal pleadings are governed by statute, and as there is no statutory requirement of a reply to a plea to former jeopardy, none is required.

3. AN ALLEGATION OF VALUE IN AN INDICTMENT AGAINST A PUBLIC OFFICER for failure to turn over the funds of his office to his successor is not necessary, as the presumption is that it was lawful money.

4. GRANTING A CONTINUANCE IS DISCRETIONARY with the trial court, and will be reviewed only in cases of manifest abuse: *State* v. *O'Niel,* 13 Or. 183, approved.

APPEAL from Jackson: HIERO K. HANNA, Judge.

The defendant W. E. Howe, who was treasurer of Klamath County from July sixth, eighteen hundred and ninety-two, to July sixth, eighteen hundred and ninety-four, was, on November fourteenth, eighteen hundred and ninety-four, indicted for the crime of larceny of public money, alleged to have been committed on January twenty-third, eighteen hundred and ninety-three, by con-