Decided 10 January, 1898.*

## CORDER *v.* SPEAKE.

[51 Pac. 647.]

SCOPE OF MOTIONS TO DISMISS OR AFFIRM.

1. A motion to dismiss an appeal or to affirm a judgment proceeds on the theory that the appellate court is without jurisdiction, or that the appellant has not complied with some rule of court, and unless one of these conditions is made to appear the motion must be overruled.

MOTION TO DISMISS—CONSIDERATION OF THE MERITS.

2. In passing on a motion to dismiss an appeal the merits of the case will not be considered.

MODIFICATION OF DIVORCE DECREE—ALIMONY.

3. A modification of the alimony clause of a divorce decree can be made only by a motion in the original suit. Under Section 502, Hill's Ann. Laws, the court retains jurisdiction for that purpose.

ALLOWANCE OF ATTORNEY'S FEES.

4. In an independent suit brought by a husband to modify a decree fixing the amount of permanent alimony made in a divorce suit, the court has no power to direct the husband to pay the wife's counsel fees.

From Multnomah : LOYAL B. STEARNS, Judge.

---

*NOTE.—No briefs have yet been filed in this case, and the Chief Justice directs that the decision on this motion be now officially published.—REPORTER.

Suit by Fred W. Corder against Isabella Speake. From a judgment of dismissal, plaintiff appeals. Motion to dismiss.          DENIED.

*Mr. Cicero M. Idleman*, for the motion.

*Mr. Ralph R. Duniway, contra.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a motion to dismiss the appeal, and for an order directing plaintiff to pay defendant the sum of $250, to enable her to make a defense. The facts are : On July 5, 1892, the Circuit Court of Multnomah County rendered a decree dissolving the marriage contract theretofore existing between the parties, restoring to defendant her maiden name, and awarding her the sum of $25 per month for her maintenance. In December, 1895, defendant, having received but $175 on account of said award, commenced an action against plaintiff in the Superior Court of Alameda County, California, to recover the sum of $1,083.33, alleged to be due thereon, which action is still pending in that court. On January 30, 1896, the Circuit Court of Multnomah County overruled a motion by plaintiff to modify the order making a monthly allowance for defendant's maintenance, from which latter order no appeal had been taken. Thereafter plaintiff commenced this suit for the modification of the decree, alleging in his complaint that during the pendency of the original suit it was agreed between the parties that he should pay the sum of $25 per month for the period of one year only, which defendant agreed to accept in full satisfaction of all demands for her maintenance ; that he was thereby led to and did believe that she would ask for and obtain a decree in accordance with this agreement, and relying thereon, he did not appear in said suit,

and had no knowledge of the provisions of the decree until defendant, in October, 1895, demanded the amount claimed to be due thereunder; that in December, 1895, he tendered to her the sum of $125, as the whole amount due under said agreement, which she refused to accept, but did not deposit it in court as a condition precedent to the relief demanded; that on January 26, 1897, the court, upon defendant's motion,_supported by her affidavit that she was without means to employ counsel, ordered plaintiff to pay to its clerk the sum of $50 within fifteen days, to enable her to make a defense; but, having neglected to comply therewith, the suit was dismissed, and plaintiff appeals.

1.   A motion to dismiss an appeal or to affirm a judgment challenges the jurisdiction of the appellate court, or shows that the appellant, in the preparation of his case for trial, has failed to comply with the rules of such court: 2 Enc. Pl. & Prac. 335; *Swanson* v. *Leavens*, 26 Or. 561 (40 Pac. 230). The transcript shows that the appeal was taken in the manner and perfected within the time allowed by law, and it also appears that appellant filed the abstract of the record, as prescribed by the rules of this court (24 Or. 591, 37 Pac. vi.), and, such being the case, the motion to dismiss the appeal must be denied.

2.   It is contended, however, by counsel for defendant, that the complaint shows that plaintiff is not entitled to any equitable relief, that his suit is instituted for delay only, and that he has an adequate remedy at law; but the points insisted upon will not be considered at this time, for to do so would amount to a trial on the merits, which, if permitted, might tend to encourage the practice of adopting a motion to dismiss as a means to insure a speedy trial on the issues involved, thereby seriously interfering with the regular order of business, and depriving others of their right to have their causes tried in suc-

cession as they appear upon the calendar : Elliott, App. Proc. § 522 ; 2 Enc. Pl. & Prac. 347 ; *Foscalina* v. *Doyle*, 48 Cal. 151.

3. The statute authorizes the court, upon motion, to set aside, alter, or modify so much of a decree of divorce as relates to the maintenance of either party to the suit : Hill's Ann. Laws, § 502. It will thus be seen that, while the dissolution of the marriage contract has become final, the court rendering the decree nevertheless retains jurisdiction of the cause for such purpose, and hence a motion to modify that part of the decree which remains open must be made in the original suit.

4. While the case at bar is instituted to set aside the decree for fraud alleged to have been practiced by the prevailing party, it is no part of the original suit ; and, if it be admitted that this court has authority to compel a party to contribute a reasonable sum to his adversary as attorney's fees upon appeal from an order modifying or refusing to alter the allowance made for alimony, it is powerless to make any order to that effect in an independent suit, in the absence of some statute authorizing it. In the case before us there is no divorce suit pending between the parties, and, the decree in that respect having become final, this court has no more power to compel plaintiff, in an independent suit, to provide for the payment of defendant's counsel fees, than it would in a suit with any other person (*McQuien* v. *McQuien*, 61 How. Prac. 280); and hence it follows that the application is denied.          MOTION OVERRULED.