## OREGON TIMBER CO. *v.* SETON.

[111 Pac. 376: 115 Pac. 1121.]

APPEAL AND ERROR—MOTION TO DISMISS APPEAL—WHAT MAY BE CONSIDERED.

1. In a civil suit, the question whether a person is the proper party to sue, cannot be determined on a motion to dismiss the appeal.

APPEAL AND ERROR—DISMISSAL—QUESTION CONSIDERED ON MOTION—LICENSE OF CORPORATION.

2. Under Laws 1903, p. 39, §§ 9, 10, providing that corporations that have not paid their license fees cannot maintain suits, and that the issue

as to whether they had been paid may be tried before the trial upon the merits, such defense cannot be passed on, on motion to dismiss the appeal.

ASSIGNMENTS FOR BENEFIT OF CREDITORS — EFFECT — RELATIONSHIP BETWEEN ASSIGNEE AND CREDITORS.

3. An assignment for the benefit of creditors creates a trust relation between the assignee and the creditors.

ASSIGNMENTS FOR BENEFIT OF CREDITORS — MISAPPROPRIATIONS BY ASSIGNEE—CREDITOR'S REMEDY.

4. A creditor has an equitable right to follow and retake from the possession of a trustee property wrongfully appropriated by him or those in privity with him who are not *bona fide* purchasers for value.

ASSIGNMENTS FOR BENEFIT OF CREDITORS—SUIT BY CREDITOR—COMPLAINT—SUFFICIENCY.

5. A complaint to subject property wrongfully diverted by an assignee for the benefit of creditors to plaintiff's claims is insufficient where it fails to state facts constituting such claims and showing that plaintiff is a creditor and that his rights have been prejudiced by the assignee's acts; it being insufficient to state that the claims were presented and filed with the assignee.

From Coos:   JOHN S. COKE, Judge.

Decided Nov. 1, 1910.

ON MOTION TO DISMISS.

[111 Pac. 376.]

This is a suit by the Oregon Timber & Cruising Company, a corporation, against Waldemar Seton and W. F. Matthews.   Plaintiff appeals, and defendant, W. F. Matthews, moves to dismiss the appeal.     DENIED.

*Mr. Austin S. Hammond* and *Mr. Lawrence A. McNary* for the motion.

*Mr. Jay H. Upton, Mr. John D. Goss* and *Mr. Hayward H. Riddell, contra.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Defendant Matthews moves to dismiss the appeal: (1) For the reason that plaintiff is not the real party in interest; and (2) that plaintiff is not entitled to prosecute the appeal, for the reason that it is in default in the payment of its annual license fee to the State.

Sig. 3

1. In the circuit court judgment was rendered in plaintiff's favor upon the demurrer to the complaint; therefore no issue was there raised, except as to the sufficiency of the complaint. Whether plaintiff is the real party in interest must be made an issue; the result being dependent upon the facts, unless disclosed on the face of the complaint. Whether it can be raised in the appellate court for the first time is not now for consideration; but it cannot be made an issue of fact and determined on a motion to dismiss the appeal.

2. The second ground for the motion also raises a question of fact, and is wholly foreign to the question of the regularity of the appeal. By Sections 9 and 10 of the corporation license statute (Laws 1903, p. 39), it is a question of fact whether the fee has been paid as required, and by Section 10 that defense is the subject of a plea, to be raised and tried before the trial upon the merits of the action, thus recognizing the defense as a plea in abatement. Whether it can be raised in this court for the first time may be an open question; but it is not an issue that can be raised and tried on motion to dismiss the appeal.

The statute prescribes the requisites necessary to perfect an appeal, and, if such are not complied with, the appeal may for that reason be dismissed. Other grounds, provided by the rules of this Court, for dismissal, are not important here. The points here raised are not such as involve the sufficiency of the appeal, but are matters that may be presented at the hearing upon the merits, if properly raised. *Corder* v. *Speake,* 37 Or. 105 (51 Pac. 647) ; *Mendenhall's Will,* 43 Or. 544 (72 Pac. 318: 73 Pac. 1033).

The motion is denied.                    DENIED.

Submitted on Appellant's Brief Without Argument May 16, decided
June 6, 1911.

## ON THE MERITS.

[115 Pac. 1121.]

Statement by MR. JUSTICE BEAN.

This is a suit to set aside a decree and deed, and to subject certain property to the payment of claims against the Courteney Lumber Company, insolvent debtor. From the complaint it appears that on the 9th day of March, 1907, A. A. Courteney and Florence C. Courteney, his wife, being the owners of certain real estate described in the complaint, executed a lease thereof to the Courteney Lumber Company, a corporation, for the term of five years, in which lease it was agreed that the lumber company, its successors and assigns, might remove all buildings, machinery, mills, engines, boilers, wharves and docks, pipe lines, railroad tracks, or other structures erected on the premises, and that the same should remain the personal property of such company. This lease was recorded on March 11, 1907. On March 9, 1907, A. A. Courteney and wife executed to defendant W. F. Matthews a mortgage for $20,000 on the real property, which instrument was recorded on March 19th. The Courteney Lumber Company took possession of the real property, erected a sawmill and other buildings thereon, and installed a large amount of machinery, to the value of $40,000. On October 14, 1907, the Courteney Lumber Company became insolvent, and made assignment to W. F. Matthews of all its property, real, personal and mixed, for the benefit of its creditors, the property so assigned being the sawmill buildings, machinery, and the lease of the premises mortgaged to Matthews, and the latter, accepting the office of assignee, became the duly qualified and acting assignee of the Courteney Lumber Company. Subsequently Matthews, without any consideration therefor, assigned the mortgage to defendant

Seton, who held the same simply for the benefit of Matthews, and commenced and prosecuted in his own name a suit of foreclosure against the latter, as assignee of the Courteney Lumber Company, in behalf of Matthews, and in his complaint alleged that the buildings, sawmill, machinery and other personal property on the premises, were a part and parcel of the real property, and subject to the mortgage. Matthews refused to contest the foreclosure suit, permitting himself, as assignee of the Lumber Company, to be sued, and a decree, foreclosing the mortgage, and depriving the Courteney Lumber Company of any interest in the personal property on the premises, was obtained. Thereafter an execution was issued, and the sheriff of Coos County, in satisfaction of the mortgage, sold the land, building, machinery, and other personal property, and executed a deed therefor. After the qualification of W. F. Matthews as assignee, Florence C. Courteney, and other certain named persons, presented to him as assignee their duly verified claims against the Courteney Lumber Company, amounting in all to $5,352.40. These claims, for value, were assigned to plaintiff, who brings this suit to subject the property in question to the payment thereof, and claims that the assignee wrongfully diverted the property of the Courteney Lumber Company. The matters relating to the lease, personal property, mortgage, and foreclosure are set out in detail.

The defendants filed a demurrer to the complaint, for the reason that sufficient facts were not stated to constitute cause of suit, which demurrer was sustained by the trial court, and the suit dismissed, and plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Jay H. Upton* and *Mr. John D. Goss.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendants have filed no brief here, and the brief of plaintiff giving no indication in regard thereto, we are not apprised as to what questions were raised in the lower court concerning the complaint.

3. An assignment for the benefit of creditors creates a true trust relation between the assignee and the creditors. 3 Pomeroy's Equity Jurisprudence, §§ 993, 994; *Stout* v. *Watson & Luhrs,* 19 Or. 251 (24 Pac. 230) ; *Howell* v. *Moores,* 127 Ill. 67, 68 (19 N. E. 863).

4. The equitable right of a creditor to follow and retake from the possession of a trustee property wrongfully appropriated by him, or from those in privity with him, who are not *bona fide* purchasers for value, is well established. *Ferchen* v. *Arndt,* 26 Or. 121, 126 (37 Pac. 161: 29 L. R. A. 664: 46 Am. St. Rep. 603) ; *Muhlenberg* v. *Northwestern Loan & Trust Co.,* 26 Or. 132, 143 (38 Pac. 932: 29 L. R. A. 667).

5. From an examination of the complaint, however, it is noticed that the only allegation in any way bearing upon the point, as to the plaintiff being a creditor, or that his assigns were creditors of the Courteney Lumber Company, is that the different parties assigning their claims to plaintiff, each "filed and presented his (or her) duly verified claim against the said Courteney Lumber Company, with W. F. Matthews, assignee." There is no allegation of facts showing that at the time of making the assignment by the Courteney Lumber Company, or prior thereto, such company was indebted to any one of the parties who filed their claims. In order for the plaintiff to maintain this suit it is essential that such allegations be made—*i. e.,* of the facts constituting such claim and showing that the plaintiff is a creditor—or that the parties assigning their claims were creditors of the Courteney Lumber Company, and that their rights have been prejudiced by the assignee's assignment of the

mortgage, and the decree rendered in the suit:  *Rhodes v. McGarry,* 19 Or. 222 (23 Pac. 971).  It is not enough for plaintiff merely to state that the claims were presented and filed.  Clearly the complaint is insufficient. Failure to make the necessary allegations, apparently, was an oversight.

· We find no error in the ruling of the trial court.  Therefore the decree there rendered is affirmed.    AFFIRMED.