On the Merits, argued June 6, decided June 24, 1913.

# SUBBO v. PACIFIC COAST CONST. CO.*

(123 Pac. 1070: 133 Pac. 83.)

**Appeal and Error—Filing Abstract—Extension of Time—Necessity of Notice.**

1. Under Section 554, Subdivision 2, L. O. L., providing that if the abstract or transcript be not filed in the time provided, the appeal should be deemed abandoned, but that the trial court, or Supreme Court, may, upon such terms as may be just, by order enlarge the time for filing the same, a notice of an application for an order extending the time for filing an abstract of the record need not be served upon the adverse party, Laws of 1899, page 229, having omitted the provision for notice to respondent.

**Master and Servant—Assumed Risk—Negligence of Fellow-servant.**

2. An employee assumes the risk of injury from the negligence of a fellow-servant.

[As to the doctrine of assumption of risk in the law of master and servant, see notes in 97 Am. St. Rep. 884; 98 Am. St. Rep. 289.]

**Master and Servant—Fellow-servant—Test of Relations.**

3. Whether an employee, whose act injured another employee, is a fellow-servant depends on the character of such act rather than upon the rank of the negligent employee.

[As to who are fellow-servants and who is a vice-principal, see notes in 67 Am. Dec. 588; 75 Am. St. Rep. 584.]

**Master and Servant—Fellow-servant.**

4. The act of the superintendent of railroad construction work and of the powderman in charging a blasting hole with powder by using an iron rod was a detail of the work, so that in doing such work they were fellow-servants of the workman injured by a premature explosion caused thereby, so that the employer was not liable for such injuries.

---

*The subject of common employment, apart from statute, where there is no question as to vice-principalship, is considered in an extensive note in 50 L. R. A. 417.

On the question of vice-principalship considered with reference to rank of superior servant, see note in 51 L. R. A. 513. And as to vice-principalship as determined with reference to character of act causing injury, see note in 54 L. R. A. 37.—REPORTER.

Decided May 28, 1912.

## ON MOTION TO DISMISS APPEAL.

(123 Pac. 1070.)

From Multnomah: CALVIN U. GANTENBEIN, Judge.

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant filed a motion to dismiss this appeal upon the ground that the appellant did not file his transcript or abstract of record within 30 days from the time of perfecting the appeal. This is not, under all circumstances, a cause of dismissal of an appeal. Section 554, L. O. L., provides that upon an appeal being perfected, the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the questions to be decided, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal. Subdivision 2 of the same section makes the further provisions:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the Supreme Court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file the transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

1. It is admitted that the appeal in this case became perfected March 10, 1912. Within 30 days thereafter,

to wit, on April 5, 1912, as shown by the record, the Circuit Court made an order enlarging the time for filing the transcript herein, and extending the same to and including April 30, 1912 (*Stark* v. *Marshall,* 61 Or. 254, 120 Pac. 372), thus being within the time allowed by the statute. The defendant's counsel seek to avoid the force of the order extending the time, for the reason that no notice of the application for the order was served upon the adverse party, and in support of their contention they cite *Whalley* v. *Gould,* 27 Or. 74 (40 Pac. 4). Since the rendition of that opinion, by the legislative enactment of 1899 (Laws 1899, p. 229), the words "upon notice to the respondent" were eliminated from subdivision 3 of Hill's Code (subdivision 2 of Section 554, L. O. L.), and the statute amended in that respect.

The motion to dismiss will therefore be denied.

Motion Denied.

Argued June 6, decided June 24, 1913.

On the Merits.

(133 Pac. 83.)

Statement by Mr. Justice Eakin.

This is an action by John Subbo against the Pacific Coast Construction Company, a corporation, to recover damages for personal injuries. The defendant was engaged in excavating a cut for a railroad track through a rock bank. Calvin, as superintendent for the company, was in charge of the work. Stiles was a powderman who directed the work as to the drilling and as to the use of the blasting powder. Plaintiff and two or three other men were aiding in the work of drilling the holes for blasting and charging them with powder. Shortly before the injury complained of, plaintiff was directed to clean off the surface of the

cut 20 or 25 feet away from and a little below the hole being charged with powder and out of sight of it. When Stiles and another were attempting to charge it, it prematurely exploded, greatly injuring plaintiff. It was usual for the men to tamp the powder into the holes with wooden rods provided for that purpose, but in case the powder lodged in the hole, in attempting to force it down, they resorted to the use of an iron bar or drill. It is alleged by plaintiff that the defendant did not furnish wooden rods for tamping the powder, but furnished iron rods for that purpose; and the question involved on this appeal arises upon the following instruction given by the court: "If you find that the company furnished wooden tamping rods and appliances for the men to use in loading these powder holes, and the men used an iron rod instead, then you must find a verdict for the defendant, and this would be the case even though you find the superintendent, Mr. Calvin, and the powderman, Mr. Stiles, used these iron rods, and the act of the superintendent, Mr. Calvin, and the powderman, Mr. Stiles, in using the iron tamping rods, if they did, instead of the wooden tamping rods, would be the act of a fellow-servant for which the company would not be responsible, so that the only question for you to consider is whether the company furnished wooden tamping rods for use in loading these holes, and if you find that they did then your verdict must be for the defendant."

The appeal depends upon the question whether Calvin, the superintendent, and Stiles, the powderman, in charging the hole with powder and using the iron bar for that purpose were fellow-servants with the plaintiff. There were plenty of wooden rods available for tamping purposes, but when the powder lodged in the hole the men sometimes used an iron bar to force it down; and one of plaintiff's witnesses says

that when Calvin came there the powder was stuck,
that there was an iron bar then in the hole, and that
Calvin said to Stiles to drive it down. Calvin denies
this, but the weight of the evidence was for the jury,
and the trial court instructed upon plaintiff's theory
that Calvin did say to use the iron bar, but that that
made no difference, for as to the work in hand Calvin
was a fellow-servant. There were other exceptions,
but they related to the same point. The verdict was
for defendant, and from a judgment thereon plaintiff
appeals.                                        AFFIRMED.

For appellant there was a brief, with oral argu-
ments by *Mr. Hayward H. Riddell* and *Mr. H. Daniel.*

For respondent there was a brief over the names of
*Messrs. Rauch & Senn,* with an oral argument by *Mr.
F. S. Senn.*

MR. JUSTICE EAKIN delivered the opinion of the
court.

2. The rule is that an employee assumes as incident
to the employment certain risks, among them being
the risk of injury caused by the negligence of a fellow-
servant. It is necessary to determine whether this
injury was occasioned by the negligent act of a fellow-
workman or was the result of the failure of the master
to perform some duty which it owed to the employee.
As shown by Mr. Justice BEAN in *Mast* v. *Kern,* 34 Or.
247 (54 Pac. 950, 75 Am. St. Rep. 580), there are two
lines of decision upon the question of who is a fellow-
servant for whose negligence the employee assumes
the risk, as distinguished from the negligence of the
master. One line of authorities holds that when the
master has given to an employee supervisory control
of his business, or some particular department of it,

such person, while so acting, stands in the place of the master as to those under his direction, and that for his negligence the master is liable. Under this rule the liability of the master is made to depend upon the rank or grade of the person whose negligence caused the injury. The other line of authorities holds that the master's liability depends upon the character of the act in the performance of which the injury arises and not upon the rank or grade of the negligent employee.

3. The former rule is followed in Ohio, Kentucky, Illinois and Washington; but the weight of authorities holds that the master's liability depends upon the character of the act rather than upon the rank of the negligent workman. This is the recognized rule in' this jurisdiction: See *Allen* v. *Standard Box & Lumber Co.*, 53 Or. 10 (96 Pac. 1109, 97 Pac. 555, 98 Pac. 509); *Kovachoff* v. *St. Johns Lumber Co.*, 61 Or. 174 (121 Pac. 801). It is held in *New England R. Co.* v. *Conroy*, 175 U. S. 323 (44 L. Ed. 181, 20 Sup. Ct. Rep. 86): "The employer is not liable for an injury to one employee occasioned by the negligence of another engaged in the same general undertaking; that it is not necessary that the servants should be engaged in the same operation or particular work; that it is enough, to bring the case within the general rule of exemption, if they are in the employment of the same master, engaged in the same common enterprise, both employed to perform duties tending to accomplish the same general purposes, or, in other words, if the services of each in his particular sphere or department are directed to the accomplishment of the same general end; * * that the question turns rather on the character of the act than on the relations of the employees to each other. If the act is one done in the discharge of some positive duty of the master to the

servant, then negligence in the act is the negligence of the master; but, if it be not one in the discharge of such positive duty, then there should be some personal wrong on the part of the employer before he is held liable therefor.''

So that the question to be determined here is whether the defendant omitted to perform some duty the master owed to the servant. The plaintiff complains that it neglected to furnish wooden tamping rods, but that it furnished iron ones for the purpose of tamping the powder. It is shown by the testimony of plaintiff that proper wooden rods were furnished by defendant, but that it furnished no iron rods for tamping the powder; that the act of dislodging the powder in the hole which was being charged was a detail of the work; and that carelessness in the performance of the work was carelessness of a fellow-workman for which the defendant was not liable. It may be that the act adopted by the people November 8, 1910, providing for the protection of persons engaged in construction work (Laws 1911, p. 16), was intended to change the rule in Oregon to conform to what is referred to as the Ohio rule; but that act was adopted subsequent to the injury complained of here and is not relied on by the plaintiff.

4. The work being done that caused the premature explosion was a detail of the work: *American Bridge Co.* v. *Seeds,* 144 Fed. 605 (75 C. C. A. 407, 11 L. R. A. (N. S.) 1041). And for negligence of those performing the work the master is not liable. We find no error in the instruction complained of.

The judgment is affirmed.       AFFIRMED.