Submitted on motion to dismiss, November 18, denied November 30, 1915.

Dismissed on stipulation February 23, 1916.

## IN RE ORR'S ESTATE.

## HUMASON v. ORR.

(153 Pac. 61.)

**Appeal and Error—Time to Appeal—Extension—Notice.**

1. Section 554, subdivision 2, L. O. L., providing that, if the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, but that the trial court or judge thereof may, upon such terms as may be just, enlarge the time for filing the same, does not require notice by appellant to the adverse party before an order extending the time may be made.

**Appeal and Error—Time of Appeal—Extension—Notice.**

2. Supreme Court Rule 24 (56 Or. 624, 117 Pac. xii), providing that an application to the Supreme Court for an order enlarging the time in which to file a transcript shall be accompanied by proof of notice to respondent of such application at least five days before the same is made, does not compel such notice to be given when extension of the time in which to file a transcript is ordered by the Circuit Court.

**Appeal and Error—Record on Appeal—Undertaking—Presumptions.**

3. On appeal from the Circuit Court of a case brought up to it from the Probate Court, that the record does not contain the undertaking on the appeal from the Probate Court does not invalidate the appeal, where the decree implies that such an undertaking was filed and does not affirmatively declare that it was not filed.

From Multnomah: William N. Gatens, Judge.

In Banc.     Statement by Mr. Justice Harris.

Augustus B. F. Orr filed his final account as administrator of the estate of Mary A. Orr, deceased.     The Probate Court approved the final account and overruled the objections made by Margaret Humason. The Circuit Court affirmed the findings of the Probate Court, and Margaret Humason then appealed to this court.     Margaret Humason also filed a petition to ascertain the heirs of Mary A. Orr, deceased, as provided for by Chapter 331 of the Laws of 1913.     The Circuit Court refused to disturb the decree rendered by the Probate Court, and thereupon Margaret Humason appealed.     On motions to dismiss appeals.

The motions which have been filed to dismiss the two appeals will be considered together, for the reason that both motions present identically the same questions. Four reasons are advanced for the dismissal of the appeals: (1) The transcript was not filed within the time prescribed by law; (2) the evidence does not accompany the transcript; (3) the notices of appeal are insufficient; and (4) the record fails to show that the Circuit Court had jurisdiction.     Motions Denied.

Dismissed on Stipulation.

*Mr. Frank Schlegel* and *Messrs. Malarkey, Seabrook & Dibble,* for the motions.

*Messrs. Emmons & Webster, contra.*

Mr. Justice Harris delivered the opinion of the court.

1. The undertaking having been served and filed, the appeal was perfected on August 9, 1915.     On Septem-

ber 7, 1915, a circuit judge made an order extending the time for filing the transcript to October 2, 1915, and the transcript was filed on October 1st. It is argued that the Circuit Court had no authority to grant an extension of time, because the order was made without previous notice to the respondent. The argument proceeds upon the theory that notice must be given. It is interesting to note that prior to 1899 the statute read:

"The court or judge thereof may, upon notice to the respondent, and such terms as may be just, by order enlarge the time": Deady & Lane, Code, p. 220, § 531, subd. 3; 1 Hill's Code (1887), § 541, subd. 3; 1 Hill's Code (1892), § 541, subd. 3.

In 1899 the statute was amended by omitting the words "upon notice to the respondent": Laws 1899, p. 229.    Section 554, subdivision 2, L. O. L., now reads:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the Supreme Court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file the transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

It is contended that the authority to extend the time "upon such terms as may be just" is limited to those cases where notice is first given to the adverse party, for the reason that the justice of any terms could not be ascertained without a hearing, and an opportunity for a hearing is not afforded unless notice is first given. Until the amendment of 1899, notice was essential to the validity of an order extending time for filing a tran-

79 Or.—21

script, because the statute in express terms made notice a prerequisite: *Bush* v. *Geisey,* 16 Or. 267 (19 Pac. 122); *Whalley* v. *Gould,* 27 Or. 74 (40 Pac. 4). By the amendment of 1899 the legislature deliberately excluded the element of notice, and consequently the words "upon such terms as may be just" do not of themselves mean that notice must be given. The statute does not now prohibit the making and granting of *ex parte* applications in the Circuit Court: *Johnson* v. *Iankovetz,* 57 Or. 24 (102 Pac. 799, 110 Pac. 398, 28 L. R. A. (N. S.) 709); *Emery* v. *Brown,* 63 Or. 264 (127 Pac. 682); *Subbo* v. *Pacific Coast Const. Co.,* 65 Or. 405 (123 Pac. 1070, 133 Pac. 83).

2. It is provided in rule 24 of the rules of this court (56 Or. 624, 117 Pac. xii) that:

"An application to this court or a justice thereof for an order enlarging the time in which to file a transcript shall be accompanied by a stipulation of the respondent consenting thereto or by proof of notice to respondent of such application at least five days before the same is made: Provided, however, that when the time in which to file the transcript will expire by limitation before such notice can be given, the court or a justice thereof may enlarge the same sufficiently to enable the required notice to be given."

The respondent argues that rule 24 must apply to the Circuit Court, claiming in his brief that:

"In the case of *Johnson* v. *Iankovetz,* 57 Or. 24 (102 Pac. 799, 110 Pac. 398, 28 L. R. A. (N. S.) 709), this court declared the rule of law to be that the practice and procedure announced in the rule of the Supreme Court would govern the practice throughout the state, in order that uniformity in the practice might be preserved."

The answer to the argument made in the brief is that the opinion in *Johnson* v. *Iankovetz* did not go as

far as the respondent contends.  It was not directly declared that the rules of this court necessarily govern applications made in the Circuit Court, although it was expressly determined that the rules of the Circuit Court were not "designed to regulate the practice which pertains to this court in relation to such matters."  It is true that it was said in *Johnson* v. *Iankovetz:*

"Orders enlarging the time within which to file transcripts are made by justices of this court without notice to adverse parties."

And it is also true that rule 24 is now in force.  It will be noticed, however, that rule 24 does not pretend to regulate or govern applications when made in the Circuit Court.  The case of *Johnson* v. *Iankovetz,* 57 Or. 24 (102 Pac. 799, 110 Pac. 398, 28 L. R. A. (N. S.) 709), does not decide that the Circuit Court must observe a rule which in express terms names this court and makes no mention of the Circuit Court.  Rule 24 is made applicable to the Supreme Court, and does not *ex proprio vigore* regulate requests for extensions of time in the Circuit Court.  It is not necessary to decide whether this court has the power to prescribe rules for the Circuit Court, because it is sufficient to say that no attempt has been made to require the giving of notice, where the application for time is made in the trial court.

Certified copies of the notice of appeal, the undertaking, and final adjudication made by the trial court, are filed here.  This court has jurisdiction of the cause, although it may appear on the final hearing that the transcript is not accompanied by sufficient evidence to warrant a review of the proceedings appealed from: *Clough* v. *Dawson,* 69 Or. 52 (133 Pac. 345, 138 Pac.

233). The adjudications are sufficiently identified, particularly when the notices of appeal are viewed in the light afforded by the undertakings: *Keady* v. *United Rys. Co.*, 57 Or. 325 (100 Pac. 658, 108 Pac. 197); *MacMahon* v. *Hull*, 63 Or. 133 (119 Pac. 348, 124 Pac. 474, 126 Pac. 3); *Raiha* v. *Coos Bay Coal & Fuel Co.*, 77 Or. 275 (143 Pac. 892, 149 Pac. 940).

3. Dismissal of the appeals is urged because the record does not contain the undertaking on the appeal from the Probate Court. In one case the decree states that "This cause coming on to be heard on appeal from the County Court," and in the other appeal the Circuit Court declares that "The above-entitled matter comes regularly on to be heard on the appeal of Margaret Humason from the order and decree of final settlement and distribution of the property of this estate rendered and entered by the County Court," although the record neither includes any undertaking that may have been filed on the appeal from the County or Probate Court, nor affirmatively declares that an undertaking was not filed. A motion to dismiss an appeal is primarily designed to test the regularity of the steps which must be taken before the Supreme Court will notice the adjudication appealed from. The appellant has filed the technical transcripts required by statute, and has followed the formulas required by law, with the result that this court has acquired jurisdiction to examine and determine whether the decrees rendered by the Circuit Court are good or bad, or whether, in legal contemplation, they are no decrees at all: *Corder* v. *Speake*, 37 Or. 105 (51 Pac. 647); *Mendenhall's Will*, 43 Or. 542 (72 Pac. 318, 73 Pac. 1033); *Dechenbach* v. *Rima*, 45 Or. 500 (77 Pac. 391, 78 Pac. 666); *Oregon Timber Co.* v. *Seton*, 59 Or. 64 (111 Pac. 376, 115 Pac. 1121). If the record stated that no un-

dertaking had been filed on the appeal to the Circuit Court, quite a different question would be presented: *O'Brien's Petition,* 79 Conn. 46 (63 Atl. 777). The objection now made by the respondent will be an appropriate subject for discussion when the cause is presented on the merits: *Halliburton* v. *Sumner,* 26 Ark. 659.

The motions to dismiss are denied.

MOTIONS DENIED.

(NOTE: Both appeals were dismissed upon stipulation, February 23, 1916.—REPORTER.)