On motion to strike transcript from files. Motion overruled November 17, 1925. Appeal dismissed February 19, 1929.

IN THE MATTER OF THE ESTATE OF ELLEN T. PURDIN.

ELIJAH CORBETT ET AL. *v.* CLEO C. PAYNE AND FRED R. PAYNE.

(240 Pac. 890.)

For respondents Ellen Corbett and Elijah Corbett, *Messrs. McCamant & Thompson.*

For respondent Edward Purdin, *Mr. Lotus Langley.*

For appellants *Mr. Clarence H. Gilbert* and *Mr. John M. Pipes.*

McBRIDE, C. J.—This is a motion to strike the transcript from the files. It appears that an *ex parte* order was made on May 12, 1925, extending the time to July 1, 1925, for the appellants to file their transcript on appeal, and that subsequently on June 29, 1925, a second *ex parte* order was made extending the time to file their transcript to September 1, 1925. The appeal was perfected before the expiration of the

time prescribed in the last order by filing a transcript here. On the eleventh day of September, 1925, the respondent moved, in the court below, for an order vacating the last two extensions of time on the ground that no notice of application for either of these orders had been served upon the adverse party, which order was granted, and an order made revoking the two orders of extension.

The grounds stated by the respondent in his application for vacation of these orders is found in Rule 27 of the Circuit Court of Multnomah County requiring copies of motions and applications to be served upon the adverse party, which was not done in this case. Such rule is as follows:

"Rule 27. Copies of all papers filed in a cause must be served on the attorney of the adverse party whenever such party has appeared by attorney, or if there be no such appearance then on the party. No motion or issue of law shall be heard except by consent of both parties unless a copy thereof shall have been served; and any motion or demurrer on the files without service of copy thereof may be stricken therefrom on the oral motion of the opposite party. In criminal actions, copies of all papers filed must be served on the District Attorney or the attorney for the defendant, except when such papers are required by law to be served upon the defendant in person or upon the county clerk."

In *Emery* v. *Brown,* 63 Or. 264 (127 Pac. 582), we held that notice of the motion to extend time to file the transcript was not necessary in the Circuit Court and this holding was repeated in *Subbo* v. *Pacific Coast Const. Co.,* 65 Or. 406 (123 Pac. 1070, 133 Pac. 83). There is no distinction between those cases and the present, except the fact that here the rule of the Circuit Court is invoked. The right of the Circuit

Court to extend the time for filing the transcript is purely statutory and, as shown in the cases above cited, it was evidently not the intent of the legislature to require notice of such application to be served upon the opposite party, and we believe that it is not in the power of the Circuit Court to add to the provisions of the statute or change the conditions upon which such order may be granted by a rule of court. Upon the authority, therefore, of the cases above cited, the motion to strike from the files is overruled.

MOTION OVERRULED. APPEAL DISMISSED.