[Filed March 19, 1889.]

W. A. McCARTY, RESPONDENT, v. J. B. WINTLER, APPELLANT.

MOTION TO AFFIRM JUDGMENT OF CIRCUIT COURT — WHEN APPEAL ABAN-
DONED. — A motion to affirm the judgment of a circuit court, when the
appeal has been perfected and abandoned, will only be allowed on notice
to the opposite party in accordance with the rules of this court. Such
motion is not *ex parte.*

FILING OF TRANSCRIPT ON APPEAL — TIME FOR SAME — DISCRETION OF
COURT. — The transcript on appeal must be lodged with the clerk of this
court by the second day of the term next following the perfection of the
appeal. The court has no discretion to permit it to be filed thereafter.

PETITION for an order to recall mandate, and to permit appellant to file transcript.

Judgment having been recovered in favor of respondent and against the appellant herein, which was entered in the circuit court for the county of Multnomah, on the nineteenth day of October, 1888; and the said appellant having afterwards, and on the twenty-ninth day of October, 1888, taken and perfected an appeal therefrom to this court, but having failed to file the transcript by the second day of the next term thereof, as provided by statute, — the said respondent brought into this court copies of notice of appeal and undertaking as provided by rule 7 thereof, and upon an *ex parte* showing obtained a formal judgment of affirmance of the judgment appealed from, entered against the appellant and his sureties, with ten per cent damages, and the case was remanded to the said circuit court. The appellant, upon ascertaining that such proceedings had been taken against him, presented the said petition.

*Gearin & Gilbert* and *N. H. Bloomfield,* for the motion.

*J. C. Moreland, contra.*

The Court. — The appellant's counsel contend that rule 9 requires notice to be served upon the opposite party, to affirm a judgment in cases where the appeal has been abandoned; and that it is within the discretion of this court to permit a transcript to be filed after the second day of the term at which it is required to be filed. They insist therefore that the mandate shall be recalled, the transcript filed, and the case set for hearing. They claim that the neglect to file the transcript within the time required by the code was excusable, and have filed affidavits to show that it occurred through inadvertence; that they had taken the appeal in good faith, had prepared their brief, and were intending to appear and argue the case whenever it should be set for hearing.

We are satisfied that rule 9 does require that notice should be given in such cases as contended for by appellant's counsel, and that if the facts set forth in the affidavits had been before the court when the motion for the affirmance of the judgment was made, we should not have granted the ten per cent damages; but we could not have allowed the transcript to be filed without overruling a number of decisions heretofore made by this court.

Upon an appeal to this court being perfected, the appellant must, by the second day of the next regular term of the court thereafter, file with the clerk thereof the transcript of the cause, and thereafter the court has jurisdiction of it, and not otherwise.

This is substantially the language of the code, and is a condition to the right to have the appeal heard. Nor has the appellant a right to take a second appeal from the judgment of a circuit court where one has already been taken and perfected, though the rule is different where an attempt is made to take an appeal, but in consequence of some irregularity the appeal is not perfected.

We think, however, that the appellant, in view of the

facts referred to, should not be charged the ten per cent damages. An order will therefore be entered directing that the mandate heretofore issued herein be returned to this court, unless the respondent elect to remit, and does remit, the ten per cent damages, amounting to fifty dollars, from the judgment as affirmed by this court.