Argued March 16, 1896; decided April 5, 1897.

# CONNOR v. CLARK.

(48 Pac. 364.)

Jurisdiction of Supreme Court—Appeal—Code, § 2327, subd. 3.—
An appeal to the Supreme Court from Crook County having been
perfected in September, 1892, the cause would properly have been
triable at Salem in October following, under Hill's Code, § 2327,
subd. 3, as that was the next session of the court. The parties,
however, stipulated to try the case at Pendleton, where the next
term was in May, 1893; but, before the session began, made another
agreement to hear the case at Salem, and the transcript was filed
there after the October term of 1892 had expired. On a motion
to dismiss for want of jurisdiction, *held*, (1) that the court at Salem
never acquired jurisdiction, as the transcript was not filed there
at the next ensuing term after the appeal was perfected, viz., the
October term of 1892; (2) that the court at Pendleton never
acquired jurisdiction, as the transcript was not filed there at the
first term after the appeal had been perfected, viz., the May term,
1893; and (3) that the parties could not by agreement *confer*
jurisdiction on either court, the transcript not having been filed at
either place within the statutory time.

From Crook.

Action by Connor Bros. against William S. Clark.
From a decree in favor of plaintiffs, defendant appeals.

Dismissed.

*Mr. E. B. Dufur* for the motion to dismiss.

*Messrs. S. T. Richardson* and *G. W. Barnes, contra.*

Per Curiam. This is a motion to dismiss an appeal.
The record shows that on March 24, 1892, the plaintiff,
Connor Bros., by consideration of the Circuit Court of
Crook County, obtained a decree against the defendant,
Wm. S. Clark, from which the latter, on September 10,
1892, perfected an appeal by serving and filing a notice
thereof, with proof of service, and giving an undertaking
therefor, but the transcript was not filed in this court
until June 20, 1893. It also appears that at the time the

appeal was perfected, the parties stipulated to try the cause at Pendleton, but on June 4, 1893, they entered into another agreement by which it was stipulated that the appeal should be heard at Salem, and the question is presented whether the transcript was filed within the time prescribed by law. The statute declares that "The transcripts in all appeals taken from Wasco, Crook, or Sherman counties, unless otherwise stipulated by the parties, shall be forwarded to the next succeeding term of said Supreme Court after the appeal shall be perfected, and if said next succeeding term after the perfection of said appeal shall be held at Salem, then the cause shall go to that place for hearing and decision, and the transcript shall be forwarded there by the first day of said term of court, as aforesaid; but, in case the next succeeding term of the Supreme Court after such appeal shall be perfected shall be held at Pendleton, then said cause shall be heard and determined at Pendleton, and such transcript shall be forwarded by the first day of said term at Pendleton": Section 2327, subd. 3, Hill's Code. In appeals taken from a judgment or decree rendered by the Circuit Court in either of these counties, the appellant, upon perfecting his appeal, must forward the transcript to the clerk at the place of holding the next succeeding term of the Supreme Court, but the parties, by agreeing to try the cause at one place, when by statute it is triable at another, thereby stipulate that the next succeeding term of this court shall be other than that prescribed by law. If no agreement had been entered into by the parties, it would have been the duty of the defendant to have filed the transcript at Salem on or before the second day of the October term for 1892, but, having stipulated, at the time the appeal was perfected, that the cause should be tried at Pendleton, it was incumbent upon the appellant to forward a copy of the record to that place by the first Mon-

day in May, 1893. This duty he neglected to perform, and, no order, extending the time within which the transcript was to be filed, having been obtained, this court, on the Tuesday next following the first Monday in May, 1893, lost jurisdiction of the cause; and, such being the case, jurisdiction could not be conferred by the subsequent stipulation of the parties to try the appeal at Salem.

It appears by the affidavits of appellant's counsel that about April 1, 1893, he entered into an agreement with respondent's counsel—and in this respect he is corroborated by the admission of the latter—whereby it was stipulated that the cause should be tried at Salem, though the written memorandum to that effect purports to have been executed June 14, 1893, and this presents the inquiry whether the parties, having once selected the place of trial, different from that prescribed by law, can thereafter change it without filing the transcript at the place agreed upon. If such a change is permissible, and the stipulation was entered into at the time stated in the affidavit, it would necessarily follow that the cause was transferred to Salem before the appellant was in default at Pendleton. The appeal having been perfected September 10, 1892, and the next succeeding term of this court occurring at Salem on the first Monday in October of that year, the transcript should have been forwarded to this place, but, the parties having stipulated that the cause might be tried at Pendleton, exhausted, in our judgment, the power conferred by the statute, and thereafter could not by stipulation transfer the appeal to Salem, or invest the court with jurisdiction of the cause by filing the transcript with the clerk here. If such a proceeding were permissible, then the parties to an appeal might by stipulation entered into at any time prior to the first day of a term of this court transfer a cause from one place to another, and thus keep it in vibratory motion for an indefinite period. We cannot

think the statute contemplates such a transfer, and it follows that the appeal is dismissed.

                                        DISMISSED.