Decided 20 August, 1907.

### DAVIDSON *v.* COLUMBIA TIMBER CO.

91 Pac. 441.

Appeal—Time for Filing Transcript—Effect of Stipulation.

1. The filing of the transcript within the time allowed by law, or an extension thereof properly obtained and entered of record before the expiration of the time previously allowed, is jurisdictional and its omission cannot be excused. A stipulation for additional time is not equivalent to an order granting such time.

Same—Order Nunc Pro Tunc.

2. Where no order was granted by the trial judge on a stipulation extending the time for the filing of a transcript on appeal until after the time fixed by law had expired, the court had no power thereafter to grant an order extending such time to the date fixed in the stipulation by directing that the same be entered *nunc pro tunc* as of the date of the stipulation.

Appealed from Columbia County.

49 Or.—— 37

Action by E. L. Davidson against the Columbia Timber Co., in which defendant appealed. Respondent now moves to dismiss the appeal.                                   DISMISSED.

*Mr. T. J. Cleeton* for the motion.

*Mr. J. F. Boothe contra.*

PER CURIAM.   On November 3, 1906, plaintiff recovered judgment against defendant in the circuit court of Columbia County for $2,400 and costs. Defendant appealed by giving notice in open court at the time the judgment was rendered. The transcript was not filed in this court until April 15, 1907. The parties stipulated in writing for an order extending the time until that date, but no order of the court was made in accordance with such stipulation. The defendant moves to dismiss the appeal.

1. The filing of a transcript within the time allowed by law, or an extension thereof which may be granted by the trial court or judge thereof, or by this court or a justice thereof, within the time allowed to file such transcript, is jurisdictional, and cannot be dispensed with by consent of the parties; nor can the court permit the transcript to be filed after the expiration of the time, whatever reasons may have occasioned the neglect: *Kelley* v. *Pike,* 17 Or. 330 (20 Pac. 685) ; *McCarty* v. *Wintler,* 17 Or. 391 (21 Pac. 195) ; *Nestucca Road Co.* v. *Landingham,* 24 Or. 439 (33 Pac. 983) ; *Connor* v. *Clark,* 30 Or. 382 (48 Pac. 364).

2. The defendant produced at the hearing and asked permission to file a certified copy of an order of the trial court, made on July 20, 1907, as follows:

"It appearing to the court that on the 20th day of March, 1907, a stipulation was signed by the plaintiff and defendant's attorneys extending the time in which to file a transcript on appeal in the supreme court until April 15, 1907, and it further appearing that no order was entered by the court at that time upon said stipulation, it is now ordered that the time in which to file the transcript in said cause in the supreme court be and the same is hereby extended until April 15, 1907, and it is further ordered that this order be entered on the journal of this court as on March 20, 1907."

This record does not show that an order enlarging the time was in fact made "within the time allowed to file the transcript." It recites the stipulation of the parties, and that no order was entered by the court in accordance therewith, and then continues, "It is now (July 20, 1907) ordered that the time be extended," etc., clearly indicating a previous date, but which the clerk had failed to enter of record, it should be entered as of the date when made. If an order extending the time in which to file the transcript had actually been made, but not entered of record, it would have been proper for the court to have directed an entry *nunc pro tunc* as of the proper date; but it had no authority to make such an order after the time for filing the transcript had expired, and direct it to be entered as of a previous date. An extension of time in which to file a transcript must be secured before the time has expired. *Tallmadge* v. *Hooper,* 37 Or. 503 (61 Pac. 349, 1127).

It follows that we have no alternative but to allow the motion, and it is so ordered.                           APPEAL DISMISSED.