Decided December 21, 1909.

## STATE v. WILLIAMS.

[105 Pac. 716.]

CRIMINAL LAW—APPEAL—FAILURE TO FILE TRANSCRIPT IN APPELLATE COURT.

Under Section 1479, B. & C. Comp., requiring the clerk of court, where notice of appeal is filed, to transmit copy of notice of appeal, certificate of cause, and judgment roll to the Supreme Court within five days after such notice, it is incumbent on appellant to show that any failure of the clerk to do so was not imputable to appellant; and an affidavit that in proper time he prepared a bill of exceptions, "which was duly served, settled, and filed, whereupon it was agreed by counsel that the original bill of exceptions might be sent up; that deponent prepared and signed a stipulation, which, for many months, remained with the clerk of the trial court, to be subscribed by the district attorney, and the clerk was relied upon to inform affiant when the bill of exceptions was ready; that he never knew the stipulation had not been signed, or that the transcript had not been filed in this court, until motion to dismiss was interposed"—did not excuse appellant, and the appeal will be dismissed.

From Multnomah: JOHN B. CLELAND, Judge.

ON MOTION TO DISMISS.

*Mr. George J. Cameron*, District Attorney and *Mr. Andrew M. Crawford*, Attorney General, for the motion.

*Mr. John A. Jeffrey*, contra.

Opinion by MR. CHIEF JUSTICE MOORE. ·

This is a motion to dismiss an appeal. The defendant, D. H. Williams, having been convicted of the crime of

embezzlement, was sentenced, June 18, 1909, to a term of imprisonment in the State Penitentiary. His counsel, within 30 days therefrom, procured an order allowing 10 additional days in which to prepare and tender a bill of exceptions. A notice of appeal herein was served and filed October 1, 1909, and eight days thereafter the trial court ordered that the original bill of exceptions should be sent up in lieu of a certified copy thereof. Without securing any further order the transcript on appeal was not filed with our clerk until October 20, 1909. An appeal is taken by a defendant from a judgment in a criminal action by the service of a notice in writing. Sections 1468-1469, B. & C. Comp.

"Upon the appeal being taken, the clerk of the court where the notice of appeal is filed must, within five days thereafter, or such further time as such court or the judge thereof may allow, transmit a certified copy of the notice of appeal, certificate of cause, if any, and judgment roll, to the clerk of the Supreme Court." Section 1479, B. & C. Comp.

As the notice of appeal was served October 1, 1909, and the transcript filed in this court on the 20th day of that month, the copies of the pleadings, orders, and judgment, and the original bill of exceptions, were not transmitted "within five days" as required by law.

The defendant's counsel, resisting the motion and explaining the cause of the delay, filed an affidavit stating, in effect, that in proper time he prepared a bill of exceptions, which was duly served, settled, and filed, whereupon it was agreed by counsel for the respective parties that the original bill of exceptions might be sent up; that in conformity therewith, deponent prepared and signed a stipulation, which, for many months, remained with the clerk of the trial court, to be subscribed by the district attorney, and the clerk was relied upon to inform affiant when the bill of exceptions was ready to be transmitted;

that he never knew the stipulation had not been signed, or that the transcript had not been filed in this court until the motion herein was interposed; that he did everything required to perfect the appeal; and that any failure strictly to comply with the provisions of law in this respect was the fault of the district attorney. In criminal actions the duty to file a transcript on appeal devolves on the clerk of the trial court. Section 1479, B. & C. Comp. In *State ex rel.* v. *Estes*, 34 Or. 196, 210 (51 Pac. 77: 52 Pac. 571: 55 Pac. 27), in referring to the statute last mentioned, it is said: "Such requirement does not relieve the appellant from the necessity of showing that the failure of the clerk to file the transcript within the time prescribed by law was not imputable to him." Tested by this rule, it will be seen that if, within five days from filing the notice of appeal, the papers on file in this cause in the office of the clerk of the trial court had been examined, it would have been ascertained that the original bill of exceptions, which was to have been sent up, had not been transmitted, and upon such discovery an order could undoubtedly have been secured, extending the time in which to file the transcript.

The showing made by the affidavit does not, in our opinion, excuse the defendant from neglect in failing to examine the papers mentioned, and for that reason the appeal is dismissed.    DISMISSED.