On motion to dismiss, decided February 8, 1910.

## STATE *v.* DICKERSON.

[106 Pac. 790.]

CRIMINAL LAW—APPEAL—REQUISITES FOR TRANSFER OF CAUSE—FILING TRANSCRIPT IN TIME.

1. Section 1479, B. & C. Comp., provides that on appeal the clerk must within five days after notice, or within such further time as the court may allow, transmit a certified copy of the notice of appeal, certificate of cause, if any, and judgment roll to the clerk of the Supreme Court. Section 1481 provides that the appellate court upon motion may order the appeal dismissed if the return be not made as provided by Section 1479. *Held,* that unless a transcript is filed within the time allowed by law, or within a further time, if allowed, the appeal will be dismissed, though, if failure of the clerk to so file the transcript is not due to appellant's negligence, the appellate court will. order the transcript sent up after expiration of the time allowed.

CRIMINAL LAW—APPEAL—REQUISITES FOR TRANSFER OF CAUSE—FILING OF TRANSCRIPT.

2. It not appearing that the clerk was even requested to send up the transcript, or that any effort was made within the five days to have the time for filing extended, but the only excuse for failure to file in time being that counsel was waiting to have the bill of exceptions settled, which was unsigned among the papers in the clerk's office, the appeal will be dismissed.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MCBRIDE.

The defendant, R. T. Dickerson, was convicted of the crime of manslaughter on the 18th day of September, 1909, and was sentenced to three years' imprisonment in the penitentiary. On the same day a notice of appeal was served and filed, and on the day following a certificate of probable cause was given and filed. The transcript and judgment roll were transmitted to this court on December 1, 1909. No order was ever made granting additional time within which to file the transcript, and the State moves to dismiss the appeal. About the 18th of September, 1909, defendant's attorney prepared a bill of exceptions and served the same upon the district attorney, and on September 22d filed it with the clerk, but it was not actually called to the attention of the trial judge nor presented to him for signature until December 29, 1909, when he signed an order settling the bill of exceptions, and had it entered as of September 22, 1909.

The State moves to dismiss this appeal for the reason that the transcript was not filed in this court within five days after the appeal was perfected, as required by Section 1479, B. & C. Comp. The appellant's attorney filed an affidavit stating that his delay in having the bill of exceptions settled arose from the fact that he was waiting for the district attorney to file his objections thereto, and that he had frequently called the district attorney's attention to the fact that the bill was with the clerk for that purpose, and that the delay in filing the transcript was the fault of the clerk. The defendant also filed an affidavit alleging his desire to take an appeal and his entire want of knowledge of any neglect in the premises by any one.

*Mr. George J. Cameron,* District Attorney, and *Mr. Andrew M. Crawford,* Attorney General, for the motion.

*Mr. John A. Jeffrey, contra.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Section 1479, B. & C. Comp., is as follows:

"Upon appeal being taken, the clerk of the court where the notice of appeal is filed must, within five days thereafter, or such further time as such court or the judge thereof may allow, transmit a certified copy of the notice of appeal, certificate of cause, if any, and judgment roll, to the clerk of the Supreme Court."

Section 1480 provides:

"If the appeal be irregular in a substantial particular, but not otherwise, the appellate court may, on motion of the respondent and notice to the defendant, order it to be dismissed."

Section 1481 provides:

"The appellate court may also, upon like motion and notice, order the appeal to be dismissed if the return be not made as provided in section 1479," etc.

Filing a transcript within the time allowed by the law is jurisdictional, and unless it appears that it is filed within five days after the appeal is perfected, or, if the court shall have allowed further time, then within the time so allowed, the appeal will be dismissed. But, if failure to so file the transcript by the clerk is not in any way due to the negligence of the appealing party, this court will order the transcript to be sent up after the expiration of the time allowed by law.

2. It does not appear that the clerk was even requested to send up the transcript or that his attention was directed to it in any way, nor was any effort made within the five days to have the time for filing the transcript extended. The sole excuse offered is that counsel was waiting to have the bill of exceptions settled. The very fact that an unsigned bill of exceptions was among the papers on file in his office, would probably induce the clerk to believe that the transcript was not yet ready for transmission to this court.

This case is fairly within the rule announced by this
court in *State* v. *Williams*, 55 Or. 143 (105 Pac. 716)
and must be dismissed.                        DISMISSED.