Decided August 3, 1910.

## STATE v. TUCKER.

[110 Pac. 392.]

CRIMINAL LAW—APPEAL AND ERROR—DISMISSAL OF APPEAL.

Defendant appealed from the judgment of conviction, and failed to have the transcript transmitted within five days after notice of appeal, which made his attempted appeal void. *Held*, that a motion to dismiss the appeal, without prejudice to the right of accused to take a second appeal within the time fixed by statute will be granted.

From Wallowa: JOHN W. KNOWLES, Judge.

The appellant, Tom Tucker, was tried and convicted of the crime of participating in a riot and being sentenced to imprisonment in the penitentiary, prosecutes this appeal. Appellant now moves to dismiss the appeal without prejudice.                     MOTION ALLOWED.

*Mr. John L. Rand, Messrs. Boyd & Burleigh, Mr. John P. Rusk* and *Messrs. Fee & Slater,* for the motion.

No appearance for the State.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The defendant was convicted of the crime of participating in a riot, and sentenced to imprisonment in the penitentiary. A certificate of probable cause was granted, and he was admitted to bail. He gave timely notice of appeal, but the transcript was not transmitted to this court within five days, and his attempted appeal is therefore void. Appellant now appears, by his counsel, and moves to dismiss the appeal without prejudice, indicating his desire to take a second appeal.

This court has held that the dismissal of an appeal in civil cases is a final disposition of the case, and that a second appeal cannot thereafter be taken: *McCarty* v. *Wintler,* 17 Or. 391 (21 Pac. 195) ; *Nestucca Wagon Road Co.* v. *Landingham,* 24 Or. 439 (33 Pac. 983) ; *Hughes* v. *Clemens,* 28 Or. 440 (42 Pac. 617) ; *Harrington* v. *Snyder,* 53 Or. 573 (101 Pac. 392.) We have also held that it is incumbent on the defendant in a criminal case to use diligence to see that his transcript is filed in this court within the time required by law, and that upon his failure to show such diligence his appeal will be dismissed. The method of taking appeals provided by the criminal code being complete within itself, the decisions in civil cases, heretofore cited, throw no light on this subject, and, as the question is a new one in this court, we shall decide it in the light of decisions of other states having statutes similar to our own.

We find the great weight of authority is to the effect that, in the absence of some statutory provision to the contrary, the dismissal of an appeal without prejudice is not a bar to a second appeal taken within the time allowed by statute for that purpose. This rule is applied with the

qualification that the first appeal has become ineffective for some technical reason, either in the method of taking it or through an honest failure to file the transcript in the appellate court within the time required by law.  2 Ency. Pl. & Pl. 357; *Evans* v. *State Bank,* 134 U. S. 330 (10 Sup. Ct. 493: 33 L. Ed. 917) ; *State* v. *Chastain,* 104 N. C. 900 (10 S. E. 519) ; *Roberts and Hoyt* v. *Tucker,* 1 Wash. T. 179; *Ward* v. *Hollins,* 14 Md. 158; *Kinner & Butler* v. *Dodds,* 35 Ark. 29.  This seems to be the practice in most of the jurisdictions, excepting such as have statutory provisions either expressly or by implication prohibiting a second appeal.

The motion will be allowed, therefore, and the appeal dismissed without prejudice.

DISMISSED WITHOUT PREJUDICE.