### EMERY v. BROWN.

(127 Pac. 682.)

**Appeal and Error—Transcript—Time of Filing—Extension.**

1. Section 554, L. O. L., requires the transcript on appeal to be filed with the clerk within 30 days from the date the appeal is perfected, and subdivision 2 provides for extension of time for filing the same by an order made within the time allowed to file the transcript. Prior to 1899 the statute required notice of application for extending the time of filing the transcript, but Laws 1899, p. 227, eliminated such provision. Held, that notice of application for the extension of time to file the transcript on appeal was not necessary.

**Appeal and Error—Transcripts—Extension of Time.**

2. Under the direct provision of Section 554, subd. 2, L. O. L., an order extending the time to file a transcript on appeal shall not extend it beyond the term of the Supreme Court next following the appeal.

**Appeal and Error—Time of Filing Transcript.**

3. The filing of a transcript on appeal within the time allowed by Section 554, L. O. L., or within some legal extension thereof, under subdivision 2, is jurisdictional.

**Appeal and Error—Filing of Transcript—Extension of Time.**

4. The fact that extensions of time for the filing of a transcript on appeal requested by appellant which carried the time without that prescribed by law were for the accommodation of appellee's attorney and with his knowledge and acquiescence will not excuse failure to file the transcript within a legal extension; such failure being jurisdictional.

From Multnomah: HENRY E. McGINN, Judge.

ON MOTION TO DISMISS APPEAL.

Statement by MR. JUSTICE McBRIDE.

On March 24, 1911, A. C. Emery recovered judgment against George Arthur Brown for $1,065.65 with costs. On the 17th of April, 1911, defendant served a notice

of appeal and filed his undertaking, and, no exception being taken thereto, his appeal became perfected on April 27, 1911. Thereafter from time to time, defendant secured orders from the circuit court extending the time for filing the transcript, the last order having been made August 19, 1912, extending the time to October 20, 1912.

. Plaintiff files his motion to dismiss the appeal for want of jurisdiction of this court to hear the same.

DISMISSED.

*Mr. Alfred P. Dodson* for the motion.

*Mr. John T. McKee* and *Messrs. Cake & Cake, contra.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

. Section 554, L. O. L., requires the transcript on appeal to be filed with the clerk of this court within 30 days from the date the appeal is perfected. Subdivision 2 of this section reads as follows:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the Supreme Court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file the transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

1. The first objection urged by plaintiff, namely, that no notice was given of the applications for the various extensions of time, is not well taken. Previous to 1899 the statute expressly required such notice, but by the amendment adopted that year (Session Laws 1899, p. 227) this provision was stricken out; and we have since held that in the present state of the law such applications could be made *ex parte. Johnson* v. *Iankovetz,* 57 Or. 24 (102 Pac. 799: 110 Pac. 398: 29 L. R. A. [N. S.] 709).

2. The second objection is well taken. The court is expressly prohibited from extending the time for filing the transcript beyond the next term of the Supreme Court following the perfecting of the appeal. That term began on the first Monday in October, 1911, and expired at the opening of the succeeding term, which was upon the first Monday in March, 1912, and this last-mentioned term expired on the first Monday in October, 1912.

3, 4. The filing of a transcript within the time allowed by law or within some legal extension thereof is jurisdictional, and the fact alleged by defendant, that these extensions were for the accommodation of plaintiff's attorneys and with their knowledge and acquiescence, cannot alter the legal status of the appeal, as consent of the parties cannot confer jurisdiction. *Kelley* v. *Pike,* 17 Or. 330 (20 Pac. 685) ; *McCarty* v. *Wintler,* 17 Or. 391 (21 Pac. 195) ; *Connor* v. *Clark,* 30 Or. 382 (48 Pac. 364).

The appeal will be dismissed.          DISMISSED.