On Motion to Dismiss Appeal, submitted on briefs May 7, 1913, decided June 10, 1913.

# STATE v. MORGAN.

(132 Pac. 957.)

**Criminal Law—Appeal—Compliance With Statute.**

1. Since an appeal is purely statutory, accused must substantially comply with statutory requirements in order to maintain an appeal.

[As to right to appeal and constitutionality of statutes abridging that right, see note in Ann. Cas. 1912B, 274.]

**Criminal Law—Appeal—Transcript—Time of Filing—Evidence.**

2. After the expiration of the statutory time for filing copies of the transcript in a criminal case, neither the trial court nor the Appellate Court can extend the time by an order *nunc pro tunc*.

[As to effect on bill of exceptions of judge's neglect to sign within time allowed by law, see note in Ann. Cas. 1913A, 914.]

**Criminal Law—Appeal—Filing Transcript—Time.**

3. The filing of the transcript within the time allowed by statute in a criminal case is jurisdictional, and where no transcript is filed within the five days provided by statute the Supreme Court must dismiss the appeal.

[As to *mandamus* to compel court to allow appeal, see note in 98 Am. St. Rep. 893.]

From Gilliam: DAVID R. PARKER, Judge.

The defendant, Robert Morgan, was convicted of murder in the first degree, and he appeals.

APPEAL DISMISSED.

Submitted on briefs under the proviso of Rule 18 of the Supreme Court: 56 Or. 226 (117 Pac. xi).

For appellant there was a brief over the names of *Mr. G. W. Parman* and *Mr. M. D. Shanks.*

For the state there was a brief over the name of *Mr. J. K. Starr,* District Attorney.

Opinion PER CURIAM.

Plaintiff moves to dismiss the appeal, for the reason that appellant did not file his transcript within the time provided by law. Defendant was indicted, tried and convicted of the crime of murder in the first degree. Judgment of sentence was entered on December 9, 1912. Notice of appeal was filed by defendant on January 14, 1913. On January 25, 1913, an order was made by the trial court extending the time in which to file the transcript to February 22, 1913, and on February 21, 1913, an order was passed further extending the time to February 27, 1913. The transcript was filed February 26, 1913.

Code of Procedure in Criminal Actions, Section 1621, L. O. L., provides that upon the appeal being taken the clerk of the court where the notice of appeal is filed must, within five days thereafter, or such further time as such court or the judge thereof may allow, transmit a certified copy of the notice of appeal, certificate of cause, if any, and judgment-roll to the Clerk of the Supreme Court. Section 1622 prescribes that if the appeal be irregular in a substantial particular, but not otherwise, the appellate court may, on motion of the respondent and notice to the defendant, order it to be dismissed. Section 1623 directs that the appellate court may also, upon like motion and notice, order the appeal to be dismissed if the return be not made as provided in Section 1621, unless for good cause it retain the appeal, and requires the clerk of the court below to make a further return as to any matter affecting the merits which appears or is alleged to be omitted from the transcript.

In *State* v. *Williams,* 55 Or. 143 (105 Pac. 716), it was held that, where the transcript of the record was not filed within the statutory time, it was incumbent

upon the appellant to show that any failure of the clerk to do so was not imputable to appellant.

It is shown by affidavit on behalf of plaintiff that on the day on which the notice of appeal was filed the circuit judge issued the certificate of probable cause. On account of the date set for the execution of defendant, January 16, 1913, one, of the attorneys for defendant carried the certificate in person to the warden of the penitentiary, and returned to Condon on the 17th of January, 1913, with the intention of preparing a bill of exceptions, and of having the transcript filed in the Supreme Court within the time required by law, which time would expire on January 19, 1913. Not being able to complete the bill of exceptions, and the circuit judge then holding court at Pendleton, Oregon, one of the attorneys tried to communicate with the judge by telephone, for the purpose of obtaining an order extending the time for filing the transcript, but was unable to do so. Upon the return of the circuit judge from Pendleton to Condon, after the expiration of the five days in which to file the transcript, the judge signed such order. It is in no way explained why counsel for defendant did not communicate with the circuit judge by telegraph, or by some other means than the telephone; nor is there any explanation made as to why the order for the extension of time was not obtained at an earlier date during the five days' time, which, at most, is short for preparing and filing a transcript. It is clear that the transcript was not ready to be filed by the clerk; therefore it was no fault of the clerk that the same was not transmitted within the time allowed by law.

1, 2. An appeal is a statutory remedy, and, in order for the defendant to have the benefit of an appeal, it is necessary for him to comply substantially with the requirements of the statute. After the expiration of the

time allowed by the statute for filing copies of the documents required, neither the Circuit Court nor this court has authority to make an order *nunc pro tunc* extending the time, or to change the statute by granting a different right of appeal than as provided for by the statute: *Kelley* v. *Pike,* 17 Or. 330 (20 Pac. 685). In the case at bar the orders passed by the Circuit Court on January 25, and February 21, 1913, were made without authority of law, and are void: *Grover* v. *Hawthorne,* 62 Or. 65, 71 (121 Pac. 804, 808).

3. The filing of the transcript within the time allowed by the statute, or within the time allowed by the court, when the time therefor is extended, is a jurisdictional matter. In criminal cases where the transcript is not filed within the five days provided by law, upon the motion of the respondent and notice to the appellant, this court has no discretion in the matter and must order the appeal dismissed: *State* v. *Williams,* 55 Or. 143 (105 Pac. 716); *State* v. *Dickerson,* 55 Or. 390 (106 Pac. 790); *State* v. *Douglas,* 56 Or. 20 (107 Pac. 957); *State* v. *Webb,* 59 Or. 235 (117 Pac. 272); *Davidson* v. *Columbia Timber Co.,* 49 Or. 577 (91 Pac. 441).

The motion to dismiss this appeal will therefore be allowed.  APPEAL DISMISSED.