## STATE v. KEENEY.

(159 Pac. 1165.)

**Criminal Law—Appeal—Perfecting Appeal—Transcript—Statute.**

1. Under Sections 1610, 1611, L. O. L., whereby an appeal becomes perfected by serving and filing with the clerk a notice of appeal, and Section 1621, as amended by Laws of 1913, page 496, providing that on appeal the clerk of the court where the notice thereof is filed must, within 30 days thereafter, or such further time as the court may allow, transmit a certified copy of the notice, certificate of cause, if any, and the judgment-roll, to the clerk of the Supreme Court, an appeal will be dismissed for failure to file the transcript within the time prescribed by law, unless the failure is shown to be due to the negligence of the clerk.

**Criminal Law—Perfected Appeal—Subsequent Appeal—Stipulation.**

2. Where a defendant perfected his first appeal by serving and filing the notice required by the statute, he thereby exhausted his right of appeal, and it was not within the power of the parties to stipulate for a new notice and a new appeal.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

In Banc. Statement by MR. JUSTICE McBRIDE.

The defendant, Mordie Keeney, was convicted in the Circuit Court of Multnomah County of the crime of arson, and on the ninth day of November, 1915, was

sentenced to imprisonment in the penitentiary. On the fifteenth day of December, 1915, he duly served and filed with the clerk of the Circuit Court a notice of appeal to this court, and upon the same day procured an order extending the time to file a transcript in said cause until ninety days from said date. Subsequently the time for filing such transcript was extended up to and including March 21, 1916. No transcript was filed, and upon April 5, 1916, the defendant served and filed a second notice of appeal, and an order was made extending his time to file his transcript up to and including April 10, 1916. No transcript was filed. On June 15, 1916, defendant served and filed a third notice of appeal, and upon July 6, 1916, the transcript on appeal was filed in this court. The state filed affidavits of Robert Hindman, deputy district attorney, and of the clerk of the Circuit Court, setting forth these facts. The defendant filed counter-affidavits, admitting the principal facts set forth in the affidavits, but with the following explanatory allegations: That prior to March 21, 1916, John A. Collier, the deputy district attorney, who acted for the state in the trial of the cause, orally stipulated that defendant should have 10 days' additional time to file his bill of exceptions and have transmitted to the Supreme Court his notice of appeal, certificate of probable cause, and other documents necessary to perfect the appeal; that no order of the court was entered upon said oral stipulation, but with the consent of said deputy it was determined that a new notice of appeal should be served; that thereafter, on April 5, 1916, a new notice was served, a certificate of probable cause secured, and a proposed bill of exceptions served upon the district attorney, and an order obtained from the court extending the time to file defendant's transcript up to and including April 10, 1916; that thereafter, and

prior to April 10th, at the request of the deputy district attorney, and 'to enable him to examine the proposed bill, the matter was permitted to proceed until he should have sufficient time to make such examination; that on the ninth day of May, 1916, a written stipulation was entered into between counsel for defendant and said deputy district attorney, stipulating that defendant should have to and including June 1, 1916, to prepare and file his notice of appeal, certificate of probable cause, transcript and bill of exceptions; that prior to June 1, 1916, at the request of the district attorney, further time was granted him in which to file objections to the bill of exceptions; that upon several occasions the presiding judge fixed a date upon which to settle the bill of exceptions, but, although the attorneys for defendant were always ready and willing to proceed, the matter was always continued at the request of John A. Collier, deputy district attorney, representing the state; that no appeal has ever been perfected in this cause until the notice of appeal, bill of exceptions, and bond, and other necessary documents of the transcript, were filed in this court upon the twenty-ninth day of June, 1916, and that said bill was settled and the transcript made up with the express consent of said John A. Collier.        APPEAL DISMISSED.

*Mr. Walter H. Evans,* District Attorney, for the motion.

*Messrs. Littlefield & Maguire, contra.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1. If the appeal was perfected by the service and filing of the first notice, this motion must be allowed, and

such we believe to be the law. In civil cases an appeal to this court is perfected by serving the notice of appeal and filing the necessary undertaking for costs. In criminal cases, there being no undertaking for costs required, the appeal becomes perfected by serving and filing with the clerk a notice of appeal: Sections 1610, 1611, L. O. L. Section 1621, L. O. L., as amended in 1913, provides:

"Upon appeal being taken, the clerk of the court where the notice of appeal is filed must within 30 days thereafter, or such further time as such court, or the judge thereof may allow, transmit a certified copy of the notice of appeal, certificate of cause, if any, and judgment-roll to the clerk of the Supreme Court": Laws 1913, p. 496.

Under this section we have frequently held that, unless the failure to file the transcript within the time prescribed by law was shown to be due to the negligence of the clerk, the appeal would be dismissed: *State* v. *Williams,* 55 Or. 143 (105 Pac. 716); *State* v. *Dickerson,* 55 Or. 390 (106 Pac. 790); *State* v. *Douglas,* 56 Or. 20 (107 Pac. 957); *State* v. *Webb,* 59 Or. 235 (117 Pac. 272).

2. The defendant, having perfected his first appeal by serving and filing the notice required by the statute, thereby exhausted his right of appeal: *Schmeer* v. *Schmeer,* 16 Or. 243 (17 Pac. 864); *Columbia City Land Co.* v. *Ruhl,* 70 Or. 246 (134 Pac. 1035, 141 Pac. 208); *Brill* v. *Meek,* 20 Mo. 358. The right of appeal having been exhausted, it was not within the power of the parties to stipulate for a new notice and a new appeal, even if they had done so. A transcript containing the first notice of appeal is not here, and we are not now called upon to pass upon the question as to whether there was a sufficient excuse for defend-

81 Or.—31

ant's failure to file his transcript pursuant to that notice.

It sufficiently appears that the present appeal was taken after the right to take it had been exhausted, and it is therefore dismissed.        DISMISSED.

---

Motion to dismiss appeal allowed October 3, 1916.