Motion to dismiss appeal allowed December 27, 1916.

## STATE *v.* KEENEY.

(161 Pac. 701.)

**Criminal Law—Appeal—Record—Transmission.**

1. The time fixed by law for the filing of a transcript on appeal cannot be extended by stipulation of the parties without an order of court.

**Criminal Law—Appeal—Record—Transmission.**

2. After the expiration of the statutory time for filing copies of the transcript in a criminal case, neither the trial court nor appellate court can extend the time by order *nunc pro tunc;* the right of appeal being purely statutory.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

The defendant, Mordie Keeney, was tried and convicted of the crime of arson, and from the sentence imposed appeals. The ground on which the motion of the State to dismiss the appeal is set forth in the opinion of the court.          APPEAL DISMISSED.

*Mr. Walter H. Evans,* District Attorney, for the motion.

*Messrs. Littlefield & Maguire, contra.*

In Banc. MR. JUSTICE HARRIS delivered the opinion of the court.

1, 2. On October 3, 1916, we dismissed an appeal which the defendant attempted to prosecute; and the opinion is reported in *State* v. *Keeney,* 81 Or. 478 (159 Pac. 1165), where the facts are fully stated. Afterward, on October 17th, defendant Keeney filed another transcript predicated on the first notice of appeal which had been filed on December 13, 1915, and the State has again moved for a dismissal. When the first notice of appeal was filed the Circuit Court granted 90 days for

preparing and filing the transcript, and on March 13th the court made a second order extending the time to and including March 21, 1916. The defendant claims that "prior to the said twenty-first day of March, 1916, an oral stipulation was entered into between" counsel "that appellant should and would have 10 days' additional time within which to file his transcript and tender a bill of exceptions." Even though it be assumed that the time for filing the transcript could be extended by the stipulation of the parties without an order of the court, nevertheless the defendant is in no position to claim any benefit from the stipulation, for the reason that the transcript was not filed until more than 10 days after March 21. The proposed bill of exceptions was not even tendered until April 5, 1916. However, this court has held in *Davidson* v. *Columbia Timber Co.*, 49 Or. 577 (91 Pac. 441), cited with approval in *State* v. *Douglas*, 56 Or. 20 (107 Pac. 957), that the parties cannot by a stipulation effect an extension without an order of the court. The delay was not the fault of the clerk, and as said in *State* v. *Morgan*, 65 Or. 314, 316 (132 Pac. 957, 958):

"After the expiration of the time allowed by the statute for filing copies of the documents required, neither the Circuit Court nor this court has authority to make an order *nunc pro tunc* extending the time, or to change the statute by granting a different right of appeal than as provided for by the statute."

There is no alternative except to dismiss the appeal; and it is so ordered.        APPEAL DISMISSED.