On motion to dismiss appeal. Appeal dismissed November 20, 1923.

# CHRISTINA KALLUNKI *v.* CITY OF ASTORIA.

(220 Pac. 145.)

**Appeal and Error—Supreme Court not Authorized to Extend Time for Filing of Transcript.**

1. Under Section 554, subdivision 2, Or. L., providing that an appeal shall be deemed abandoned where the transcript or abstract is not filed within the term which immediately follows the perfection of the appeal, the Supreme Court had no power to extend the time for filing transcript on the ground of actual or supposed hardship excusing the filing of the transcript during the required time.

**Appeal and Error—Filing of Transcript Within Required Time Jurisdictional, and Failure Ground for Dismissal.**

2. The filing of the transcript on appeal during the term following the perfection of the appeal, as required by Section 554, Or. L., is jurisdictional, and on appellant's failure to file transcript during such time the appeal will be dismissed.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

This is a motion to dismiss an appeal for alleged failure to comply with the provisions of Section 554, Or. L.

The facts, as disclosed by the transcript, are that the judgment in this case was entered on July 13, 1922, and notice of appeal was served and filed on September 9, 1922, and undertaking on appeal on September 18, 1922, all being in the March, 1922, term of the Supreme Court. No exception was taken to the sufficiency of the surety and the appeal, therefore, became perfected on September 24, 1922. On the fifth day of October, 1922, the appellant, by James W. Mott, its city attorney, procured an order extending the time to file its transcript on appeal until the sixth day of December, 1922, the order having been seasonably taken. Thereafter, upon the application of the city attorney and stipulation of the

plaintiff, additional time was granted until the sixth day of February, 1923. Thereafter, on the third day of February, 1923, on the application of Joseph Mannix, who had succeeded Mr. Mott as city attorney, an additional order was procured, extending the time until the first day of April, 1923. On the twenty-ninth day of March, 1923, upon the application of the then city attorney and stipulation of counsel for the plaintiff, the court granted an order extending the time until June 1, 1923. Thereafter, and upon the twenty-sixth day of May, 1923, the court made a further order extending the time until the first day of August, 1923, and the transcript on appeal was finally filed with the clerk of this court on the twenty-seventh day of July, 1923.

In reply to the motion to dismiss the appellant filed an affidavit, showing, among other things, that, owing to the disastrous fire in Astoria and the confusion resulting therefrom, the city attorney was unable to prepare a bill of exceptions at an earlier date, and that, in addition to this, he became ill and that Mr. Mott was again called into the case and as soon as he could do so expeditiously he had the bill of exceptions prepared and the transcript was filed, as heretofore stated.        APPEAL DISMISSED.

For the motion, *Messrs. Norbald & Hesse.*

*Contra, Mr. Howard K. Zimmerman,* City Attorney, and *Mr. James W. Mott.*

McBRIDE, C. J.—1. Subdivision 2 of Section 554, Or. L., is as follows:

"2. If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and

the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

For the sake of clarity we will again recount the chronology of this case. The term of this court which immediately followed the perfection of the appeal was the October term, 1922, which ended March 4, 1923. This was the time limit prescribed by Section 554, beyond which the lower court could not for any reason extend the time for filing the transcript, and its orders attempting to do so were absolutely void. The transcript was actually filed July 27, 1923, 144 days after the expiration of the October term.

The case comes clearly within the rule adopted by this court in *Simon* v. *Trummer,* 61 Or. 496 (123 Pac. 60), which is again followed in *Emery* v. *Brown,* 63 Or. 264 (127 Pac. 682), in which we called attention to the case of *Kelley* v. *Pike,* 17 Or. 330 (20 Pac. 685), which also supports respondent's contention. In all these cases we clearly held that filing the transcript after the expiration of the next term of the Supreme Court was of no avail, and that this court had no power to entertain an appeal which had not been filed during the term of the Supreme Court next following the appeal.

2. Under the circumstances here we would be very glad to allow this appeal to stand, if it were possible to do so without violating the plain terms of the statute, but the filing of the transcript within the term of this court next following the appeal is juris-

dictional and we have no more right to entertain the appeal because of actual or supposed hardship than we would have to entertain an appeal which had been attempted after the time for filing and serving notice had expired.

The motion will be allowed and the appeal dismissed.	APPEAL DISMISSED.

BURNETT, J., took no part in the consideration of this motion.