Motion.to dismiss appeal denied July 19; previous motion annulled and motion to dismiss appeal allowed July 22, 1932

## STATE *v.* FOSTER
### (13 P. (2d) 609)

*Chas. H. Combs,* District Attorney and *Herbert P. Welch,* both of Lakeview, for the motion.

No appearance, contra.

BEAN, C. J. The respondent moves to dismiss the appeal. Defendant was indicted, tried and convicted for the crime of larceny of livestock and served notice of appeal. The district attorney filed a motion to dismiss the appeal for the reason that it was not perfected in accordance with the statute, but the motion to dismiss the appeal does not appear to have been served upon defendant.

Section 13-1221, Oregon Code 1930, provides in a criminal action, if the appeal be irregular in a sub-

stantial particular, but not otherwise, the appellate court may, on motion of the respondent and notice to the defendant, order it to be dismissed.

The motion to dismiss, not being entitled to consideration, is denied.

---

BEAN, C. J. Upon further consideration of the motion to dismiss the appeal for the reason that the transcript was not filed within the time prescribed by law, and attention being called to the fact that the motion to dismiss the appeal was served upon the defendant, as shown by the certificate attached to the motion, which was heretofore overlooked, our former opinion, filed July 19, 1932, is hereby reversed and annulled.

It appears from the record that on May 21, 1932, the circuit court extended the time for filing the transcript of record in this court to and including May 31, 1932, and that the transcript of record was not filed in this court until June 6, 1932, and the transcript of evidence was filed on June 2, 1932. It therefore appears that the transcript of record was not filed within the statutory time.

■ Section 13-1220, Oregon Code 1930, requires that in a criminal action the clerk of the court where the notice of appeal is filed must, within thirty days thereafter, or such further time as the court may allow, transmit the transcript of record to the clerk of this court. This requirement, however, does not relieve the appellant from the necessity of showing that the failure of the clerk to file the transcript within the time prescribed by law was not imputable to him. There is no showing made why the defendant did not arrange for the transcript of record to be filed within the time mentioned or provide so as to give the clerk of the circuit court time in

which to file such transcript within the required time: *State ex rel. v. Estes,* 34 Or. 196, 210 (51 P. 77, 52 P. 571, 55 P. 25); *State v. Williams,* 55 Or. 143, 145 (105 P. 716); *State v. Webb,* 59 Or. 235 (117 P. 272); *State v. Morgan,* 65 Or. 314 (132 P. 957).

■ There is no showing made by the appellant as to the motion to dismiss. The transcript of record not having been filed within the time allowed by law and it appearing that the matter of the appeal has been abandoned, the motion to dismiss the appeal should be allowed and the appeal dismissed.

It is so ordered.