Motion to dismiss appeal allowed May 29, 1934.

## STATE v. FEHL ET AL.

(32 P. (2d) 1013)

*F. J. Newman,* of Medford, for appellant.

*I. H. Van Winkle,* Attorney General, *Ralph E. Moody* and *L. A. Liljeqvist,* Assistant Attorneys General, and *George A. Codding,* District Attorney, of Medford, for the State.

BELT, J. This is a motion to dismiss the appeal of the defendant Gordon L. Schermerhorn for the reason that neither the transcript nor the bill of exceptions was filed within the time provided by statute.

It is conceded that, by virtue of the various orders of the circuit court duly made, the appellant had to and including February 1, 1934, within which to file his transcript on appeal. On January 29, 1934, counsel for appellant made what is entitled an "affidavit for continuance" in which the court was requested to grant an additional 30 days' time to file bill of exceptions and transcript on appeal. This affidavit, which was treated in the nature of a motion, was not received by the trial judge until February 3, 1934, as shown by his endorsement thereon. Based upon this affidavit and request, an order was made extending the time for filing the *bill of exceptions* to and including March 5, 1934. This order was not filed until February 6, 1934. On February 19, 1934, there was filed an order to be entered nunc pro tunc as of February 5, 1934, wherein it was recited that:

"* * * on the 5th day of Feb. 1934 the Court made an order extending the defendant's time in which to file a bill of exceptions unto and including the 5th day of March 1934;

"And it further appearing that it was the intention of the Court at said time and in said order to extend the time for filing transcript herein to and including said 5th day of March, 1934, but that the Court inadvertently omitted in said order to extend the time in which to file said transcript,

"It is, therefore, considered and ordered that the defendant have unto and including the 5th day of March, 1934, in which to file his bill of exceptions in the above entitled cause and transcript on appeal, and that this order be entered nunc pro tunc as of the 5th day of February, 1934."

■■ It is clear from the record that appellant's time for filing the transcript on appeal expired February 1, 1934. All orders made subsequent to February

1, 1934, purporting to extend time for filing transcript on appeal are of no force or effect. Compliance with the statute relative to filing of the transcript on appeal is essential to confer jurisdiction on this court.

Section 13-1220, Oregon Code 1930, relating to procedure in criminal actions, provides:

"Upon appeal being taken, the clerk of the court where the notice of appeal is filed, must within 30 days thereafter, or such further time as such court, or the judge thereof may allow, transmit a certified copy of the notice of appeal, certificate of cause, if any, and judgment roll to the clerk of the supreme court."

Relative to the above section this court in *State v. Keeney,* 81 Or. 478 (159 P. 1165), said:

"Under this section we have frequently held that, unless the failure to file the transcript within the time prescribed by law was shown to be due to the negligence of the clerk, the appeal would be dismissed: State v. Williams, 55 Or. 143 (105 P. 716); State v. Dickerson, 55 Or. 390 (106 P. 790); State v. Douglas, 56 Or. 20 (107 P. 957); State v. Webb, 59 Or. 235 (117 P. 272)."

Since the time for filing the transcript on appeal expired on February 1, 1934, it is not important to consider the question of the time for settling and lodging the bill of exceptions. It may be said, however, that the time for so doing expired on January 15, 1934.

The appellant has failed to meet the plain, mandatory requirements of the statute. It follows that the appeal must be dismissed.

KELLY, J., took no part in this decision.