Appeal dismissed on motion of respondent March 19, 1946

# STATE *v.* STONE
(166 P. (2d) 980)

*R. S. Kreason,* District Attorney, of Dallas, for the motion.

*Leroy L. Lomax,* of Portland, contra.

HAY, J.

On October 29, 1945, after a trial by jury, the defendant was found guilty of being a habitual criminal (chapter 334, General Laws of Oregon, 1927; section 26-801, et seq., O.C.L.A.), and, on November 1, 1945, he was sentenced to be imprisoned for life in the state

penitentiary. On December 18, 1945, he duly served and filed a notice of appeal. The transcript on appeal was not filed in this court until February 18, 1946, and, on the same day, the district attorney for Polk County moved to dismiss the appeal, upon the ground that the transcript had not been filed in due time. On February 26, 1946, defendant moved for an order, to be entered nunc pro tunc as of December 17, 1945, extending the time within which to file the transcript.

■■ Section 26-1320, O.C.L.A., provides that, within thirty days after an appeal is taken in a criminal case, or such further time as the court may allow, the clerk of the court in which notice of appeal is filed must transmit to the clerk of the supreme court certified copies of the notice of appeal, certificate of cause, if any, and judgment roll. These documents together are called the "transcript". The bill of exceptions, "if there be one", is included within the judgment roll (section 26-1221, O. C. L. A.), but the necessity for providing a certified copy thereof has been obviated by a requirement that the original bill be sent up. *State v. Laundy,* 103 Or. 443, 503, 507, 206 P. 290. The filing of the transcript within the time limited, or within such extension as may have been granted, has been held uniformly to be a jurisdictional matter. If the transcript is not so filed, the appeal must be dismissed. Section 26-1322, O. C. L. A.; *State v. Douglas,* 56 Or. 20, 107 P. 957; *State v. Morgan,* 65 Or. 314, 132 P. 957; *State v. Foster,* 140 Or. 200, 13 P. (2d) 609; *State v. Fehl,* 147 Or. 290, 32 P. (2d) 1013; *State v. Rosser,* 162 Or. 293, 307, 320, 328, 87 P. (2d) 783.

Appellant urges that responsibility for the failure to file the transcript in due time rested solely upon the clerk of the trial court. In support of the motion to

dismiss, there have been filed affidavits by that clerk, stating, in effect, that defendant's attorney did not, at any time until on or about February 15, 1946, request her to prepare or file the transcript. Opposing the motion, an affidavit by appellant's attorney states that the bill of exceptions was settled and approved January 16, 1946, and was filed in the circuit court January 18, 1946; that, on or about February 5, 1946, he mailed to the clerk of this court for filing a motion for an order extending the time within which to file his opening brief; that, on or about February 16, 1946, he was notified by said clerk that no transcript had been filed, which was his first notice of that fact; and that, on or about February 17, 1946, he inquired of the clerk of the trial court why the transcript had not been sent up, and was informed by her that it had been prepared, and was being held by her awaiting his instructions.

 It is not contemplated that the bill of exceptions must be filed with, or at the same time as the formal documents comprising the transcript. Frequently, it would be impossible to do so, as settlement of the bill of exceptions may take longer than the time within which the transcript must be filed. The timely filing of the formal transcript is essential to appellate jurisdiction. The bill of exceptions, if not filed with the transcript, should be filed as soon as possible after it has been settled and certified by the trial judge and filed in the trial court, and the question of whether or not it has been filed within a reasonable time, under the circumstances of the particular case, is one for the determination of this court in the exercise of a sound discretion, there being no statute or positive rule of law on the subject. *Credit Service Co. v. Peters,* 116 Or. 138, 216 P. 742; *Lasene v. Syvanen,* 123 Or. 615,

257 P. 822. This is the rule in civil cases, and, for practical reasons, it has been made applicable to criminal cases also. See Preface to Rules of the Supreme Court effective January 1, 1941. The delay in settlement of the bill of exceptions was, therefore, no valid excuse for failure to file the transcript in time.

■ Notwithstanding the fact that the timely filing of the transcript is regarded as jurisdictional, the cases hold that, if the responsibility for such failure lies solely upon the clerk of the trial court, it may be excused. The appellant, however, must be diligent in the premises, and, if the failure to transmit the transcript to the clerk of this court is in any respect attributable to conduct on his part, the appeal must be dismissed. In *State v. Williams,* 55 Or. 143, 105 P. 716, the court, in dismissing the appeal, observed that a mere inspection of the official file by appellant's attorney would have shown that the transcript had not been sent up. While the duty of transmitting the transcript to this court is laid upon the clerk of the trial court, the determination of whether or not it shall be sent up and, if so, when it shall be sent are matters solely within the professional responsibility of appellant's attorney. At the very least, the attorney must request the clerk to act. *State v. Dickerson,* 55 Or. 390, 106 P. 790. The record should show that appellant has not been lacking in diligence, and that the failure to file the transcript is attributable solely to the negligence or contumacy of the clerk. In those respects, the showing made here is wholly insufficient. *State v. Williams,* supra; *State v. Dickerson,* supra; *State v. Morgan,* supra.

■ Sections 11-803 and 10-807, O. C. L. A., as amended by chapter 119, Oregon Laws 1943, provide that, in civil cases, the appellate court acquires jurisdic-

tion by the timely filing of a notice of appeal in the circuit court, and that the appellate court may thereafter, upon good cause shown, relieve a party from his failure to perform, or to perform in due time, any of the acts subsequently required of him in respect of such appeal. While it would seem to be desirable that similar authority should have been given the court in appeals in criminal cases, the legislature has not seen fit to do so. The procedure provided by the criminal code in respect of appeals is complete in itself. *State v. Bovee,* 11 Or. 57, 4 P. 520; *State v. Tucker,* 57 Or. 59, 110 P. 392. Such procedure is not affected by the provisions of the civil code or decisions thereunder. *State v. Berger,* 51 Or. 166, 94 P. 181; *Ex Parte Harrell,* 57 Or. 95, 110 P. 493; *State v. Rosser,* 162 Or. 293, 307, 320, 87 P. (2d) 783. Upon the record in the case at bar, we have no discretion under the law to do otherwise than to dismiss the appeal.

Appellant's motion for an order, nunc pro tunc, extending the time to file the transcript, must be denied. *State v. Morgan,* supra.

The appeal is dismissed, and the judgment of the lower court is affirmed.